Amerada Hess Corporation, Appellant, *v.* Zoning
Board of Adjustment, Appellee.

Argued October 2, 1973, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

*Franklin H. Spitzer,* with him, of counsel, *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*Nicholas Panorella, Jr.,* with him *Howard D. Scher,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellee.

OPINION BY JUDGE MENCER, November 26, 1973:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County, affirming the refusal of the Zoning Board of Adjustment (Board) to permit the erection of a revolving sign by Amerada Hess Corporation (Amerada).

Amerada is the owner of a gasoline station located at the southeast corner of 19th Street and Fairmount Avenue in Philadelphia. It applied to the Department of Licenses and Inspections for a zoning permit to install a revolving sign on its property. The application was refused because Section 14-303(8)(f) of the Philadelphia Code of General Ordinances (Code) prohibits revolving signs in districts zoned "C-2" Commercial.

Amerada appealed to the Board and a hearing was held on January 5, 1971, after which the Board found against Amerada on the grounds that it failed to present evidence to meet the criteria for the granting of a variance. The transcript of the hearing before the Board reveals that the only issue argued by Amerada was the constitutionality of the Code. The Board sustained the Code on the basis that Amerada had produced no evidence to rebut the presumption of constitutionality.

The Court of Common Pleas affirmed, without taking new evidence, after hearing oral argument on October 5, 1972. Amerada then brought this appeal.

Our scope of review in zoning cases, where the court below took no additional evidence, is limited to a determination of whether the zoning board abused its discretion or committed an error of law. *Philadelphia v. Earl Scheib Realty Corp.*, 8 Pa. Commonwealth Ct. 11, 301 A. 2d 423 (1973).

Amerada claims that an error of law has been made. Its contention is that a zoning code which purports to regulate the use of revolving signs but which, in fact, prohibits them in every zoned district within a city is unconstitutional. We agree.

Sections 14-301 and 14-501 of the Code provide for ten different commercial districts and eight different industrial districts. In each of these districts revolving signs are specifically prohibited. In addition to these districts, the Code provides for a third district known as a residential district. The provisions with respect to residential districts specify the types of signs permitted. Revolving signs are not included. The effect, therefore, is the total exclusion of revolving signs within the City of Philadelphia.

The present case is governed and controlled in principle by *Ammon R. Smith Auto Company Appeal*, 423 Pa. 493, 223 A. 2d 683 (1966), and *Norate Corporation, Inc. v. Zoning Board of Adjustment*, 417 Pa. 397, 207 A. 2d 890 (1965).

In the *Norate* case, an ordinance which prohibited all off-site advertising signs throughout the entire township was held unconstitutional. In *Ammon Smith*, the Court relied on *Norate* in holding unconstitutional an ordinance which prohibited all flashing and intermittent lights throughout the township. Since we feel that the Code in the present case cannot be distinguished from the ordinances involved in *Norate* and *Ammon*

*Smith,* we are compelled to follow the Court's reasoning in those cases.

A municipality certainly has the power to regulate signs and other advertising media, provided such regulation is not unreasonable, arbitrary or discriminatory and there is a reasonable relationship to the safety, morals, health, or general welfare of the community. *Norate Corporation, Inc. v. Zoning Board of Adjustment, supra.* However, a municipality has no power to place a blanket prohibition on all revolving signs without any regard to location, size of signs, or other considerations. We share the sentiment of the Supreme Court when it stated in *Norate*: "In our view, the instant ordinance does not attempt to regulate but to prohibit and the prohibition, without any regard for the districts set up under the zoning ordinance, extends throughout the township to all 'off-site sign advertising. Such ordinance is patently unreasonable and invalid." 417 Pa. at 407, 207 A. 2d at 895.

The Board argues, and the lower court held, that the principles of *Norate* and *Ammon Smith* do not apply because the City of Philadelphia has prohibited revolving signs on a district-by-district basis, whereas in those cases a single municipal ordinance was involved. We do not agree.

This exact argument was presented and rejected by this Court in *Daikeler v. Zoning Board of Adjustment of Montgomery Township,* 1 Pa. Commonwealth Ct. 445, 275 A. 2d 696 (1971). There the municipality had created a township-wide sign prohibition on a district-by-district basis similar to the procedure used by the City of Philadelphia. We refused then, and refuse now, to allow the commands of the Supreme Court in *Norate* to be circumvented by a procedure which causes indirectly a result which *Norate* directly decries.

The Board also argues that Amerada has failed to carry its burden of proof that the ordinance is unconstitutional. We do not agree.

While in most cases involving the constitutionality of ordinances there is a presumption of constitutionality and the burden of proving otherwise is on the party so asserting, cases involving "total prohibition" receive different treatment.

In *Beaver Gasoline Company v. Osborne Borough*, 445 Pa. 571, 577, 285 A. 2d 501, 504-05 (1971), the burden of proof in "total prohibition" cases was discussed as follows: "In situations involving the total prohibition of otherwise legitimate land uses, which, by common experience, appear to be as innocuous as the land use here contested, the applicant has met his burden of overcoming the presumption of constitutionality by showing the total ban. Thereafter, if the municipality is to sustain the validity of the ban, it must present evidence to establish the public purpose served by the regulation."

In *Beaver,* the land use involved was a gasoline station. Here we are concerned with revolving signs. We note in passing that we do not accept the Board's contention that Amerada should have the burden of proving that its land use is innocuous. As the Court pointed out in *Beaver,* it is virtually impossible to prove a negative. In addition, the effect of such a rule would be to defeat the purpose of the *Beaver* rule which shifts the burden of proof in "total prohibition" cases. We feel that *Beaver* commands that the burden of proving a land use is noxious, like the burden of proving a proper zoning purpose, be on the municipality.

Further, we hold that common experience indicates that revolving signs are not per se noxious within the meaning of this word as used by the Court in *Beaver*. We therefore have, as in *Beaver,* a total municipality-wide prohibition of an activity which, on its face, does not give rise to an indication of the protection of a legitimate public interest controllable by zoning laws. In this situation Amerada has met its burden of proof

under *Beaver* by showing a total ban of revolving signs in Philadelphia.

In conclusion, we find that the Board is the party who has failed to meet its burden of proof. It offered no evidence to establish the validity of the ordinance and has, therefore, failed to show that the ordinance bears a relationship to the public health, safety, morals and general welfare as required by *Beaver*. We hold that the total prohibition of revolving signs throughout the City, without regard to size, location, and other factors concerning the relationship of the sign to the health, safey, morals and general welfare of the community, is invalid.

We therefore issue the following

### ORDER

AND NOW, this 26th day of November, 1973, the order of the court below is reversed, and the Department of Licenses and Inspections of the City of Philadelphia is directed to issue a permit to Amerada Hess Corporation to erect a revolving sign upon its property located at the southeast corner of 19th Street and Fairmount Avenue in the City of Philadelphia, upon receiving from Amerada Hess Corporation plans showing that the sign will conform to the valid applicable ordinances regulating signs in the City of Philadelphia.