508

Commonwealth of Pennsylvania *v.* Richard Lang,
President of Cavel. Corporation, Appellant.

Argued May 6, 1977, before Judges CRUMLISH, JR.,
WILKINSON, JR. and BLATT, sitting as a panel of three.

*Jay D. Glasser,* with him *T. Lawrence Palmer,* and
*Hollinshead and Mendelson,* for appellant.

*Richard L. Welch,* with him *Larry P. Gaitens* and
*Lucchino, Gaitens & Hough,* for appellee.

OPINION BY JUDGE WILKINSON, JR., June 13, 1977:

The issue presented in this case is whether the
Allegheny County Court of Common Pleas erred in
upholding appellant's summary conviction and fine for
violation of a municipal ordinance prohibiting busi-
ness signs advertising ''off-site'' commercial activi-
ties. We affirm.

Appellant is the owner of premises adjacent to a
highly-travelled parkway in Allegheny County. On

March 13, 1974, appellant applied for a municipal building permit to construct a two-story concrete structure on the property, the front and rear to be 17′ and 2′ respectively and the sides, which would face opposite sides of the parkway, to be 48′. On the same day, appellant applied for a sign permit "to advertise building and office for rent on premise and land development. Future tenant to utilize as on premise business sign." Both the building and sign permits were granted, the latter pursuant to the local zoning ordinance which reads in relevant part as follows:

307 Signs: No sign, billboard, or exterior graphic display shall be permitted in any district except as herein provided.

307.4 Business signs shall be permitted in connection with any legal business or industry when located on the same premises, and if they meet the following requirements.

307.4(a) Signs shall not contain information or advertising for any product not sold on the premises.

307.4(b) Signs shall not have a combined aggregate surface size greater than five square feet for each foot of frontage of the principal structure on the premises.

307.4(c) Signs shall not project over public rights of way.

307.4(d) Signs and structures shall not be illuminated in any manner which causes undue distraction, confusion or hazard to vehicular traffic.

307.5 Directional signs of a reasonable size shall be permitted in connection with any legal business or industry provided they contain no information other than instructions for convenience of vehicular traffic in reaching such business or industry.

Appellant built the structure as planned and erected the permitted sign. On November 2, 1974, appellant was issued another sign permit for a directional sign advertising a commercial enterprise approximately one mile away but considered on the same "premises" as appellant's structure.[1] Approximately two months later, after non-payment of rent, appellant re-rented the directional sign and altered it to advertise another commercial enterprise not considered on the same premises. In addition, appellant replaced the sign advertising the availability of his own property for sale or lease with one for a real estate firm having no connection with the premises.

A citation for violation of the sign ordinance was issued naming appellant's corporation as the defendant and appellant as the president thereof.[2] A justice of the peace rendered a guilty verdict and fined appellant. On hearing de novo, the court dismissed the appeal concluding that the ordinance was valid and that the signs as presently erected were in violation thereof.

Appellant contends that the court below erred because the ordinance prohibition on "off-site" advertising anywhere within the municipality is constitutionally invalid, under *Daikeler v. Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 445, 275 A.2d

---

[1] The commercial enterprise was located within the same industrial complex.

[2] At the hearing de novo, counsel for appellant observed that appellant's corporation was named as defendant on the citation while appellant, rather than the corporation, was so named on the transcript from the justice of the peace. Since proceedings for enforcement of municipal ordinances are considered civil rather than criminal, the court below made no error in denying appellant's motion for directed verdict based upon the discrepancy. It is clear that the hearing before the justice of the peace or the de novo hearing before the trial court proceeded against Richard Lang, President, and not the corporation.

696 (1971); *see also Amerada Hess Corp. v. Zoning Board of Adjustment*, 11 Pa. Commonwealth Ct. 115, 313 A.2d 787 (1973). This position may have great validity but it was not raised at the trial court and may not be raised here. *See Commonwealth v. Hellerman*, 30 Pa. Commonwealth Ct. 438, 373 A.2d 1367 (1977).

Accordingly, we will enter the following

ORDER

Now, June 13, 1977, the order of the Allegheny County Court of Common Pleas at No. S.A. 263 of 1976, dismissing the appeal of Richard Lang, President, Cavel Corporation, from a summary conviction and fine imposed upon him for violation of North Fayette Township Ordinance No. 86, is hereby affirmed.