348 So.2d 53 (1977)
DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Victor R. BEAUCHAMP, Appellee.
No. 75-1467.
District Court of Appeal of Florida, Third District.
July 6, 1977.
Rehearing Denied August 3, 1977.
*54 Stuart L. Simon, County Atty., and Stanley B. Price, Asst. County Atty., for appellant.
Welbaum, Zook, Jones & Williams and Peter C. Jones, Miami, for appellee.
Snyder, Young, Stern, Barrett & Tannenbaum and Barry Scott Richard and William L. Rogers, North Miami Beach, as amicus curiae.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Dade County appeals an order holding that the zoning classification of RU-4L (23 units per acre) is too restrictive as applied to Victor Beauchamp's property and directing that the County rezone Beauchamp's property to a classification not less restrictive than 33 units per acre. Beauchamp cross-appeals on the ground that the 33 units per acre zoning classification is too restrictive.
On September 14, 1973 the County adopted a comprehensive ordinance which rezoned Beauchamp's 6.07 acres of land located on the corner of Crandon Boulevard and Ocean Lane Drive, Key Biscayne, from RU-4A (50 units per acre) to RU-4L (23 units per acre with a height limitation of four stories). Beauchamp thereupon filed a petition for writ of certiorari praying that the ordinance be declared unconstitutional and void as to his property. The record in this cause is voluminous and the learned trial judge, after reviewing testimony and numerous exhibits and hearing oral argument, found, in part, as follows:
* * * * * *
"Petitioner, VICTOR R. BEAUCHAMP, is the owner of 6.07 acres on Key Biscayne which said property is described on Exhibits `A', `B' and `C' attached to the Petition for Writ of Certiorari. The property is located on the corner of Crandon Boulevard and Ocean Lane Drive and extends to the east approximately 600 feet where it is adjacent to the high rise Commodore Club Apartments. To the east and southeast of the property are four (4) high rise apartment buildings built to a height to 12 and 13 stories in a zone permitting 50 units to the acre. Also, in a southeasterly direction is a nine (9) story high rise at 50 units to the acre. To the south is a six (6) story high rise built at a density of 36 units per acre and an eleven (11) story building built under a zoning classification which permitted 87 units per acre. Between these two (2) buildings are two (2) `models'.
"On the west is Crandon Boulevard and across Crandon Boulevard is a shopping area with many shops, including restaurants, bars and gas stations. In addition, *55 to the northwest and directly adjacent to Petitioner's property is a gas station. The property is bounded on the north by Crandon Park.
* * * * * *
"... practically surrounded on three sides by seven (7) high rise apartment buildings and extensive commercial development. In addition, the Commission allowed the owners of 90 per cent of the undeveloped land in the area to be rezoned to build to a density of 33 units per acre and height as allowed under PUD (Planned Unit Development) development.
"These facts show that the roll back to RU-4L (23 units) in effect would make the subject property out of character with the existing structures. Furthermore, there are numerous high rise structures on Crandon Boulevard between the Beauchamp property and the State Park on the south end of the Island."
* * * * * *
Thereupon, the trial judge held that the ordinance was too restrictive and arbitrary as applied to Beauchamp's property and ordered the County to rezone the property to a classification not less restrictive than 33 units per acre.
The burden of a party seeking relief from a zoning resolution is an extraordinary one which places upon the petitioner the duty of showing from the record before the trial court that the zoning ordinance challenged is no longer fairly debatable. See Marca, S.A. v. Dade County, 332 So.2d 142 (Fla.3d DCA 1976) and cases cited therein. In attempting to determine what constitutes fairly debatable, our Supreme Court has indicated that the debate must be upon grounds that "make sense". City of Miami Beach v. Lachman, 71 So.2d 148 (Fla. 1953); See also City of Miami v. Schutte, 262 So.2d 14, 16 (Fla.3d DCA 1972).
It cannot be said to "make sense" for the County to permit on one hand a density of only 23 units per acre and on the other hand to have permitted 50 and 87 units per acre on surrounding development land, as well as allowing 33 units per acre on the remaining vacant land in the area. The property is surrounded by seven high rise apartment buildings and commercial development and, thus, the RU-4L classification makes it out of character with the existing structures. There are numerous high rise structures on Crandon Boulevard and the effect of the roll back to 23 units per acre is spot zoning in reverse. See Kugel v. City of Miami Beach, 206 So.2d 282 (Fla.3d DCA 1968); Manilow v. City of Miami Beach, 213 So.2d 589 (Fla.3d DCA 1968); City of Miami v. Schutte, supra. The trial court's finding that the zoning ordinance as applied to Beauchamp's property is arbitrary, unreasonable and void is amply supported by the record and we will not disturb this finding on appeal. See Town of Surfside v. Andrews, 193 So.2d 207 (Fla.3d DCA 1966); City of South Miami v. Hillbauer, 312 So.2d 241 (Fla.3d DCA 1975).
On cross-appeal Beauchamp contends that the trial judge should have ordered the County to rezone his property to a classification not less restrictive than 50 units per acre. We disagree.
The owners of the undeveloped land in the area obtained a zoning density of 33 units per acre pursuant to the planned unit development concept and, therefore, the trial judge ordered the County to rezone Beauchamp's property to permit no less than the same density. We note, however, that there is no specific County zoning classification designating 33 units per acre. If Beauchamp's property does not qualify under Section 33-284.11, Code of Metropolitan Dade County, for a planned unit development which would permit 33 units per acre, then, in that event, the County shall be required to rezone the subject property to a classification not less than 35.9 units per acre.
It is so ordered.