392 So.2d 993 (1981)
LAMBROS, INC., etc., Appellant,
v.
TOWN OF OCEAN RIDGE, FLORIDA, etc. et al., Appellee.
No. 79-905.
District Court of Appeal of Florida, Fourth District.
January 21, 1981.
Robert C. Salisbury, of Caldwell, Pacetti, Barrow & Salisbury, Palm Beach, for appellant.
Larry Klein, West Palm Beach, for appellee.
DWIGHT L. GEIGER, Associate Judge.
Appellant, Lambros, Inc., doing business as Busch's Restaurant, appeals an adverse final judgment entered by the circuit court of Palm Beach County which determined that the appellee, Town of Ocean Ridge, Florida, was not equitably estopped from applying a zoning ordinance to the Restaurant.
On December 30, 1969, the Town adopted its Ordinance 229 which eliminated all commercial use of property in the municipality, but provided for the amortization of such commercial use for either forty years from construction of the improvement or twenty years from the date the use became nonconforming by the passage of the ordinance. Later, on February 2, 1976, the Town adopted another ordinance, its number 335, which repealed the provisions of Ordinance 229. The essence of Ordinance 335 was that it no longer required the elimination of the nonconforming (nonresidential) property. The purpose of this ordinance was to permit the indefinite continuation of the commercial use of those nonconforming properties.
Appellant wished to purchase Busch's Restaurant which is situated in the Town. Appellant's real estate broker called the Town Hall inquiring about the Restaurant's zoning. He was informed of the adoption of Ordinance 335, and on March 11, 1976, appellant contracted to purchase the Restaurant for $480,000. Appellant posted a $10,000 deposit, and an additional $40,000 deposit was due on April 15, 1976. The closing was set for September 1, 1976.
Prior to the payment of the $40,000, the Town had its first reading of Ordinance 337. The intent of 337 was to repeal Ordinance 335. It provided for the elimination of all commercial use of property within either forty years from the date of its construction or twenty years from the adoption of the ordinance's comprehensive land use plan, whichever is longer. Appellant was aware of this ordinance, and an officer of appellant appeared at the Town Council *994 meeting and objected to the adoption of the ordinance. However, Ordinance 337 was adopted over appellant's protest. With knowledge of this ordinance, eliminating nonconforming property, appellant paid the $40,000 deposit and on September 1, 1976, closed the transaction. Appellant subsequently brought the instant litigation in attempt to estop enforcement of Ordinance 337.
The appellant here raises two issues: first whether a municipal corporation has the burden of proving that a zoning change which prohibits continuation of a legitimate business is constitutional, and second whether in this case the trial court erred in refusing to apply equitable estoppel to prohibit enforcement of such a zoning change.
The question presented concerning burden of proof stated more fully is: once an ordinance properly under attack is shown to prohibit continuation of a legitimate use of land, whether at that time the burden of proof shifts to the municipality to show that the ordinance is constitutional, or whether the burden remains with the attacker to show further that the ordinance is unconstitutional.
We are of the opinion that in this situation, Florida law places no obligation on the municipality to go forward with proof of constitutionality of the ordinance until such time as the attacker has made out a prima facie case that the ordinance is arbitrary, unreasonable and confiscatory and, thus, unconstitutional. In Rural New Town Inc. v. Palm Beach County, 315 So.2d 478 (Fla. 4th DCA 1975), this court held:
The burden is not upon the governing authority to approve or establish by competent substantial evidence that the zoning regulation or classification is reasonable or is in furtherance of its police power; the very adoption of that regulation creates a presumption of reasonableness and debatability. On the contrary, the burden rests upon the applicant to prove by competent substantial evidence that the existing ordinance or continued classification would be arbitrary, unreasonable or confiscatory and hence not "fairly debatable". City of St. Petersburg v. Aikin, supra [217 So.2d 315 (Fla.)]. 315 So.2d at 480.
See also S.A. Healy Co. v. Town of Highland Beach, 355 So.2d 813 (Fla. 4th DCA 1978); Dade County v. Beauchamp, 348 So.2d 53 (Fla. 3rd DCA 1977); 23 Fla.Jur., Municipal Corporations, § 103. We specifically refuse to apply the Pennsylvania rule that in this type of case the attacker need only show that the ordinance prohibits continuation of a legitimate use of land before the burden of proof shifts to the municipality to show its constitutionality. See Beaver Gasoline Co. v. Zoning Hearing Board, 445 Pa. 571, 285 A.2d 501 (1971) and Amerada Hess Corp. v. Zoning Board of Adjustment, 11 Pa.Cmwlth. 115, 313 A.2d 787 (1973).
The appellate courts in Florida have acknowledged the authority of a municipality to exclude certain uses of property entirely from a city. In Blank v. Town of Lake Clarke Shores, 161 So.2d 683 (Fla. 2d DCA 1964), the court approved a zoning ordinance which excluded all business from the municipality. The final decree entered by The Honorable James R. Knott, Circuit Judge, now retired, was approved and quoted from at length by the appellate court. In the decree appealed from Judge Knott noted that "one who assails the validity of a zoning ordinance must carry the burden of both alleging and proving the invalidity of the ordinance; and this burden is an extraordinary one." This type of zoning was also approved in the oft cited case of Gautier v. Town of Jupiter Island, 142 So.2d 321 (Fla. 2d DCA 1962). In both cases the court found the question fairly debatable and thus a constitutional exercise of legislative authority. No suggestion was made or intimated that the burden of proof was different from any other attack upon a municipal zoning ordinance. These cases indicate the rule as to the burden of proof is the same for all such attempts to strike down zoning ordinances.
The trial court here was correct in not requiring the municipality to prove the constitutionality of the zoning ordinance until the plaintiff had first made a prima facie *995 showing of unconstitutionality. Since at the trial neither the plaintiff nor the Town offered any proof of constitutionality, the trial court did not err in refusing to set aside the ordinance on constitutional grounds.
Concerning the question of equitable estoppel, we have carefully examined the record and find no error in the trial court's refusal to hold the Town equitably estopped from enforcing the zoning change ordinance.
For the above reasons the judgment herein is AFFIRMED.
DOWNEY, J., concurs.
HURLEY, J., dissents with opinion.
HURLEY, Judge, dissenting.
I respectfully dissent. The issue here is not whether we should alter the long established rule regarding the presumptive validity of zoning ordinances. Rather, as I see it, the question is what quantum of proof is required to shift the burden of going forward with the evidence. I am persuaded by the Pennsylvania Supreme Court's thoughtful analysis of this question in Beaver Gasoline Co. v. Zoning Hearing Board, 445 Pa. 571, 285 A.2d 501 (1971), and would apply its rationale to the case at bar.
All acknowledge that zoning ordinances are presumed to be valid. City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364 (1941); Dade County v. United Resources, Inc., 374 So.2d 1046 (Fla. 3d DCA 1979). Furthermore, it is equally well accepted that the burden of establishing the invalidity of an ordinance is upon the party who seeks to have it declared invalid. City of St. Petersburg v. Aikin, 217 So.2d 315 (Fla. 1968); Allapattah Community Assoc., Inc. v. City of Miami, 379 So.2d 387 (Fla. 3d DCA 1980). Nonetheless, the question remains, "how much evidence must be adduced by the party attacking the ordinance to shift the burden of going forward with the evidence to the other side?" Several cases have announced the general principle that "[t]he burden of a party seeking relief from a zoning resolution is an extraordinary one which places upon the petitioner the duty of showing from the record before the trial court that the zoning ordinance challenged is no longer fairly debatable." Dade County v. Beauchamp, 348 So.2d 53, 55 (Fla. 3d DCA 1977), cert. denied, 355 So.2d 512 (Fla. 1978); Marca, S.A. v. Dade County, 332 So.2d 142 (Fla. 3d DCA 1976). Even so, these cases do not prescribe a rigid rule to determine when the burden of going forward with the evidence shifts from the property owner to the municipality. This is the question we must address.
It is fundamental that an ordinance which purports to be an exercise of the police power must not be unreasonable, unnecessary or unduly oppressive, and the means which it employs must have a real and substantial relationship to the objects sought to be attained. Thus, zoning ordinances are valid whenever necessary for the preservation of the public health, safety, morals or general welfare, Allapattah Community Assoc., Inc. v. City of Miami, supra, but the power to regulate does not permit arbitrary, unreasonable or unnecessary intermeddling with private legitimate businesses. Kavanagh v. London Grove Township, 486 Pa. 1133, 404 A.2d 393 (1979), appeal dismissed, 444 U.S. 1041, 100 S.Ct. 725, 62 L.Ed.2d 726 (1980).
Considering the above principles together with the fact that the right to use one's own property as he or she sees fit is a fundamental and constitutionally recognized right, Amendments V and XIV, U.S. Constitution; Article 1, Section 2, Florida Constitution, it seems reasonable to suggest that we retain some flexibility in structuring those procedural devices which have as their raison d'etre the protection of fundamental rights. For example, the determination of what quantum of proof is necessary to shift the burden of going forward with the evidence is a purely procedural determination. There is no reason why the quantum of proof should not vary depending upon the type of ordinance under attack.
In the case at bar, we have a municipal ordinance which bans all commercial activity *996 within the territorial limits of the township. I do not suggest that the ordinance be denied the traditional presumption of constitutional validity, but I do submit that its all-embracing character  which is facially evident  mandates that we carefully measure the quantum of proof required to shift the burden of going forward with the evidence. There is nothing novel in this approach. It merely exemplifies our ongoing concern that such procedural devices remain in balance so as to safeguard the rights of the individual as well as the rights of government.
The presumption of validity is not an impenetrable shield. There are innumerable examples in the law where one party is afforded the benefit of a presumption only to have it removed upon the introduction of a minimal amount of evidence. The field of criminal law suggests the most obvious example. Every defendant is presumed to be sane, but this presumption vanishes upon the introduction of some evidence of insanity. The burden then shifts to the state to prove the defendant's sanity beyond and to the exclusion of every reasonable doubt. See Jones v. State, 332 So.2d 615, 620 (Fla. 1976) (Sundberg, J., concurring).
The Supreme Court of Pennsylvania dealt with these very issues in Beaver Gasoline Co. v. Zoning Hearing Board, supra, and developed the following test:
In situations involving the total prohibition of otherwise legitimate land uses, which, by common experience, appear to be as innocuous as the land use here contested, the applicant has met his burden of overcoming the presumption of constitutionality by showing the total ban. Thereafter, if the municipality is to sustain the validity of the ban, it must present evidence to establish the public purpose served by the regulation. Id. 285 A.2d at 504-05.
Under the Beaver Gasoline test, the person attacking the ordinance continues to shoulder the initial burden of going forward with the evidence. Moreover, the burden shifts to the municipality only if the property owner demonstrates that (1) the contested ordinance totally bans an otherwise legitimate land use, and (2) the proposed land use is one which by common experience is deemed to be innocuous, i.e., one that does not give off noxious odors, disturb the tranquility of the area or have the obvious potential of poisoning the air or water. Given the unusual nature of the ordinance, there is no logical justification to place a greater burden on the property owner. We are, after all, engaged in a search for the truth and the governmental authority is in a vastly superior position to reveal the workings of its legislative mind. It would neither be unreasonable nor unduly burdensome to require the municipality to come forward and unveil the valid governmental purpose which heretofore has been presumed.
Again, Beaver Gasoline Co. v. Zoning Hearing Board, supra, spoke to this issue when it held:
However, requiring an applicant for a building permit to establish by affirmative evidence the nonexistence of a proper zoning purpose in the total prohibition of an otherwise legitimate business activity would be to place upon him an unrealistic and insurmountable burden. It is always difficult to prove a negative  to require a party to prove a negative such as the nonexistence of a proper zoning purpose is to raise difficulty to virtual impossibility.
Id. 285 A.2d at 504.
In the case at bar the appellant/property owner fully satisfied the Beaver Gasoline criteria. It introduced the ordinance into evidence, thereby establishing its all-inclusive nature (Tr. 14). Also, the parties stipulated that the commercial use in question was a restaurant which had operated on the premises for many years (Tr. 7, 10, 11). From the fact of its long existence, I submit it is reasonable to infer that it satisfied the second criterion of Beaver Gasoline. Thus, in my view, the appellant met its burden of proof so as to require the township to come forward and produce evidence demonstrating that the ordinance in question bears a substantial relation to the public health, safety, morals or welfare.
*997 Accordingly, I would reverse and remand the cause for further proceedings at which the town of Ocean Ridge would be afforded the opportunity to present additional evidence.