# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adams Outdoor Advertising, LTD., :
A Limited Partnership, Organized :
Under the Laws of the State of :
Minnesota by its Managing :
General Partner, Adams Outdoor :
Advertising, Inc. :
                      :
    v.               : No. 392 C.D. 2020
                      : ARGUED:  April 12, 2021
Zoning Hearing Board of the :
Borough of Stroudsburg :
                      :
    v.               :
                      :
Borough of Stroudsburg, :
         Appellant     :

BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
               HONORABLE MARY HANNAH LEAVITT, Judge (P.)
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                         FILED:  May 17, 2021

Appellant Borough of Stroudsburg (Borough) appeals from the Court of Common Pleas of Monroe County's (Trial Court) February 12, 2020 order, which partially reversed the Zoning Hearing Board of the Borough of Stroudsburg's (Board) August 26, 2019 Decision and granted Appellee Adams Outdoor Advertising, LTD., A Limited Partnership, Organized Under the Laws of the State of Minnesota by its Managing General Partner, Adams Outdoor Advertising, Inc.'s (Adams Outdoor) site-specific relief. The Board, in relevant part, had denied Adams

Outdoor's and James Counterman, Jr.'s substantive validity challenge to portions of the Borough's Zoning Ordinance[1] that regulated digital billboards. After thorough review, we affirm the Trial Court.

## I. Facts and Procedural History

On December 7, 2017, Adams Outdoor and Counterman filed a joint application with the Borough, through which they sought a permit authorizing them to erect a digital billboard on Counterman's property, located at 1121 Dreher Avenue in Stroudsburg, Pennsylvania (Property). Trial Ct. Record (T.C.R.) at 19. The proposed, 2-sided billboard was to have a maximum height of 60 feet, would have an area for signage that would cover, in total, 1,344 square feet, and would "be visible to motorists traveling on Interstate 80, which is located on a bridge above the Property." *Id.*; Board's Decision, Findings of Fact (F.F.), ¶¶1, 3. The Borough's zoning officer denied the permit application via a letter dated December 29, 2017, due to the application's lack of compliance with numerous provisions of the Borough's Zoning Ordinance. T.C.R. at 19-20.

On February 1, 2018, Adams Outdoor and Counterman appealed the zoning officer's decision to the Board. Reproduced Record (R.R.) at 192a-211a. Through that appeal, Adams Outdoor and Counterman sought a special exception and variances, the granting of which would allow Adams Outdoor to erect a billboard with signage greater than 100 square feet in area and a maximum height greater than 30 feet. Board's Decision, F.F., ¶5. In addition, they requested "an interpretation of, or . . . a variance from, [portions of the Zoning Ordinance] to permit the use of digital technology" on the billboard. *Id.* Alternatively, in the event the Board did not grant them this relief, Adams Outdoor and Counterman lodged a substantive validity

---

[1] Borough of Stroudsburg Zoning Ordinance, Monroe County, Pa., *as amended* (1983), available at https://ecode360.com/30831795 (last accessed May 14, 2021).

challenge to the Zoning Ordinance, arguing that it was "invalid to the extent it does not permit a recognized lawful land use by imposing regulations that have the effect of excluding the valid land use [of digital billboards] . . . [as well as that] it contains 'content based' regulations relating to signs and contains disparate treatment of off-premises as opposed to on-premises signs." *Id.*, ¶6.[2] Specifically, this substantive validity challenge focused on Ordinance 1048-2018, which was enacted on April 28, 2018, and had repealed and replaced Part 8 of the Borough's Zoning Ordinance. As currently constituted, Part 8 contains Sections 27-801 through 27-810, which set forth limitations and requirements for signage in the Borough and includes a total, Borough-wide ban on "[e]lectronic message boards[.]" *See* Zoning Ordinance § 27-805(8).[3]

With the consent of the parties, the Board bifurcated the proceedings, holding hearings about the special exception and variance requests on January 23, 2019, and March 20, 2019. A hearing regarding the substantive validity challenge was held on June 19, 2019. *Id.*, ¶¶9, 11-12, 27, 34. Notably, the Borough presented no evidence

---

[2] Section 916.1(a)(1) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10916.1(a)(1), gives zoning hearing boards original jurisdiction to consider most substantive validity challenges to zoning ordinances, including the ones put forth here by Adams Outdoor. "A validity challenge generally attacks zoning on substantive due process grounds, *i.e.*, whether an ordinance is substantially related to a legitimate interest." *Springwood Dev. Partners, L.P. v. Bd. of Supervisors of N. Cornwall Twp.*, 985 A.2d 298, 302 (Pa. Cmwlth. 2009).

[3] Section 27-805 of the Borough's Zoning Ordinance states, in relevant part: "The following signs shall be prohibited in all locations: . . . 8. Electronic message boards as defined in [Zoning Ordinance] § 27-804, Subsection 6." Zoning Ordinance § 27-805. Section 27-804(6) of the Zoning Ordinance, reads, in full: "Electronic Message Board Sign. Any sign that uses LED or other light-producing elements as the surface of a sign or to form a sign message or messages wherein the message or messages, sequence of messages and the rate of change of the messages may be electronically programmed and/or modified by electronic processes either at the sign or remotely." Zoning Ordinance § 27-804(6).

or testimony in support of its position at the June 19, 2019 substantive validity challenge hearing. *See* Board Hr'g Tr., 6/19/19, at 59 (Borough's solicitor stated, "I have been debating whether I wanted to reserve time to call a witness, but I believe, based on what I've heard tonight, I don't believe I need to do that."). The Board subsequently issued its Decision on August 26, 2019, through which it granted to Adams Outdoor and Counterman a variance allowing them to exceed the Zoning Ordinance's 30-foot billboard height limitation, but denied their remaining requests for relief, including their substantive validity challenge. Board's Decision, Conclusions of Law, ¶¶3-7.

In response, Adams Outdoor appealed the Board's Decision to the Trial Court on September 20, 2019,[4] on the basis of three arguments. First, the Board improperly denied Adams Outdoor's special exception request, which would have allowed it to erect a billboard with signage that was in excess of 100 square feet. Second, the Zoning Ordinance's billboard size restrictions and digital sign prohibition were substantively invalid, as they violated Adams Outdoor's substantive due process rights under Article I, Section 1 of the Pennsylvania Constitution and the Fifth and Fourteenth Amendments of the United States Constitution.[5] Third, the digital sign ban was also substantively invalid because it constituted a content-based restriction which violated Adams Outdoor's free speech rights under the First Amendment of the United States Constitution[6] and unspecified parts of the Pennsylvania Constitution. T.C.R. at 68-88.

---

[4] Counterman was not named as an appellant in the appeal to the Trial Court. *See* T.C.R. at 4-5, 57.

[5] Pa. Const. art I, § 1; U.S. Const. amends. V, XIV.

[6] U.S. Const. amend. I.

The Trial Court took no additional evidence and, on February 12, 2020, affirmed the Board's Decision in part and reversed it in part. In doing so, the Trial Court held that the Board had not abused its discretion or committed an error of law in declining to grant the aforementioned special exception. The Trial Court also held that the Zoning Ordinance's total prohibition against digital billboards did not violate Adams Outdoor's constitutional right to free speech. Trial Ct. Op., 2/12/20, at 7-15. In addition, the Trial Court reasoned that the Zoning Ordinance's limits on billboard size did not infringe upon Adams Outdoor's substantive due process rights. *Id.* at 4-5. However, the Trial Court determined that Adams Outdoor's substantive due process rights *were* contravened by the Zoning Ordinance's blanket prohibition on digital billboards within the Borough; as such, the Board had erred in ruling otherwise. *Id.* at 4-7. Accordingly, the Trial Court concluded that Adams Outdoor was entitled to site-specific relief, in the form of authorization "to build a digital sign that otherwise complies with Ordinance 1048-2018 and state and federal law." *Id.* at 15.[7]

---

[7] Section 1006-A [of the MPC, added by the Act of December 21, 1988, P.L. 1329, *as amended*, 53 P.S. § 11006-A,] gives broad discretionary powers to [a court of common pleas] to fashion appropriate relief to the successful challenger of a zoning ordinance. In exercising this power to fashion judicial relief, [a court of common pleas] owes no deference to the administrative findings of [a] zoning hearing board or governing body, whichever rejected [a] challenger's substantive validity challenge. This does not mean, however, that a [court of common pleas] must also ignore findings of [a] local agency or the evidence gathered in [a] local agency proceeding. Though not binding, both may inform a [court of common pleas'] decision under Section 1006-A. [A court of common pleas] may also conduct a hearing to receive evidence. Such additional evidence, whether developed before [a court of common pleas] or [a] zoning hearing board at [a court of common pleas'] direction, would seem necessary should [a court of common

**(Footnote continued on next page…)**

The Borough then appealed the Trial Court's February 12, 2020 order to our Court on February 28, 2020.

## II. Discussion[8]

The Borough's appellate arguments are reducible to the following contentions: the Trial Court misconstrued precedential case law and the nature of digital billboards when it concluded that the Borough's blanket ban on such billboards was constitutionally infirm. Specifically, the Trial Court improperly failed to recognize that digital billboards are characteristically distinct, as they merely constitute an industry-preferred medium for outdoor advertising, and are thus not entitled to the same level of constitutional protection afforded to their non-digital counterparts. Furthermore, a prohibition against them does not affect a landowner's ability to use other, non-digital types of signage. Therefore, prohibitions against digital billboards do not violate landowners' constitutional rights. As such, the Trial Court erroneously granted in part Adams Outdoor's substantive validity challenge and its request for site-specific relief. Borough's Br. at 9-28.

---

pleas] consider alternative sites and/or alternative configurations for the use at issue. A [court of common pleas] may retain experts. A [court of common pleas] may refer some matters to the appropriate governing body in the municipality for further proceedings. But, critically, a [court of common pleas] retains jurisdiction and oversees the process. Ultimately, what form of judicial relief is appropriate—*e.g.*, location and/or configuration—is [a court of common pleas'] decision, subject to a right of appeal, of course, to this Court.

*In re Bartkowski Inv. Grp., Inc.*, 106 A.3d 230, 248 (Pa. Cmwlth. 2014).

[8] "Because the parties presented no additional evidence after the Board's decision, our review is limited to determining whether the Board committed an abuse of discretion or an error of law." *Taliaferro v. Darby Twp. Zoning Hearing Bd.*, 873 A.2d 807, 811 (Pa. Cmwlth. 2005).

We disagree. In *Township of Exeter v. Zoning Hearing Board of Exeter Township*, 962 A.2d 653 (Pa. 2009), our Supreme Court specifically addressed substantive validity challenges to municipal billboard ordinances, providing therein an analytical framework that is both edifying and binding upon us here:

> This Court has repeatedly recognized that "[p]roperty owners have a constitutionally protected right to enjoy their property[.]" *In re Realen Valley Forge Greenes Associates*, 838 A.2d 718, 727 (Pa. 2003) (citation omitted). That is, "Article I[,] Section 1 of the Pennsylvania Constitution protects the citizen's right to the enjoyment of private property, and governmental interference with this right is circumscribed by the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution." *Hopewell Twp. Bd. of Supervisors v. Golla*, 452 A.2d 1337, 1341 (Pa. 1982), citing U.S. CONST. amends. V, XIV; PA. CONST. art. I, § 1; *Girsh Appeal*, 263 A.2d 395, 397 n.3 (Pa. 1970). We have also emphasized that this constitutionally protected property right "may be reasonably limited by zoning ordinances that are enacted by municipalities pursuant to their police power, *i.e.*, governmental action taken to protect or preserve the public health, safety, morality, and welfare." *Realen Valley*, 838 A.2d at 727. In reviewing the constitutionality of an ordinance under Article I, Section 1 of the Pennsylvania Constitution and the Fifth and Fourteenth Amendments to the United States Constitution, we employ "a substantive due process inquiry, involving a balancing of landowners' rights against the public interest sought to be protected by an exercise of the police power[.]" *Hopewell*, 452 A.2d at 1341.
>
> . . . .
>
> In *Exton Quarries, Incorporated v. Zoning Board of Adjustment of West Whiteland Township*, 228 A.2d 169, 179 (Pa. 1967), this Court addressed the constitutionality of a zoning ordinance that, by its terms, prohibited quarrying throughout a township. In an opinion by Mr. Justice Roberts, we reiterated the well-settled principles

7

for determining the constitutionality of an alleged exclusionary zoning ordinance as follows:

> The standards by which Pennsylvania courts judge the constitutionality of zoning ordinances under Article I, Section 1 of the Constitution of Pennsylvania[], and the [F]ourteenth [A]mendment to the Constitution of the United States have been stated and restated in a long line of decisions by this Court. A challenge to the constitutionality of a zoning ordinance must overcome the presumption of its validity. The burden of so doing, though heavy, is maintainable and courts may not make it so 'onerous as to foreclose, for all practical purposes, a landowner's avenue of redress against the infringement of constitutionally protected rights.' Zoning ordinances are valid whenever 'they are necessary for the preservation of public health, safety, morals or general welfare', but the power to thus regulate does not extend to an arbitrary, unnecessary or unreasonable intermeddling with the private ownership of property, even though such acts be labeled for the preservation of health, safety, and general welfare.

*Id.* at 178 (footnotes setting forth case citations omitted).

The *Exton Quarries* Court further recognized that, notwithstanding the presumed validity of zoning ordinances:

> [t]he constitutionality of zoning ordinances which totally prohibit legitimate businesses . . . from an entire community should be regarded with particular circumspection; for unlike the constitutionality of most restrictions on property rights imposed by other ordinances, the constitutionality of total prohibitions of legitimate businesses cannot be premised on the fundamental reasonableness of allocating to each type of activity a particular location in the community.

*Id.* at 179. Therefore, we cautioned that "[a] zoning ordinance which totally excludes a particular business from an entire municipality must bear a more substantial relationship to the public health, safety, morals and

8

general welfare than an ordinance which merely confines that business to a certain area in the municipality." *Id.*

It is clear that ordinances addressing the regulation of signs, billboards, and other outdoor advertising media are within the police power of a municipality. *Norate Corp. v. Zoning Bd. of Adjustment of Upper Moreland Twp.*, 207 A.2d 890, 894 (Pa. 1965). Thus, a zoning authority is empowered to regulate, *inter alia*, billboard size. *See Atl. Refin. & Mktg. Corp. v. Bd. of Comm'rs of York Twp.*, 608 A.2d 592, 594 (Pa. Cmwlth. 1992). Moreover, a municipality may divide the municipal area into districts and prohibit or regulate activities such as advertising in areas whose character is not consistent with that use. *Norate*, 207 A.2d at 895. However, since billboards are not objectionable *per se*,[] a blanket prohibition on billboards without justification cannot pass constitutional muster. *Daikeler v. Zoning Bd. of Adjustment of Montgomery Twp.*[*, Montgomery Cnty.*], 275 A.2d 696, 698 (Pa. Cmwlth. 1971), citing *Exton*, 228 A.2d at 169.

This Court has recognized that a municipality may regulate billboards for any number of reasons, explaining that:

> (1) billboards being temporary structures are liable to be blown down and thus injure pedestrians; (2) they gather refuse and paper which may tend to spread conflagrations; (3) they are used as dumping places for dirt, filth and refuse, and as public privies; (4) they serve as hiding places for criminals; and (5) they are put to use by disorderly persons for immoral purposes. Moreover, as is well known, billboards placed at certain locations, as at corners or curves, may obstruct the vision of drivers and thereby constitute a traffic menace, and the promotion of safety on public highways certainly is justification for a billboard regulation reasonably related thereto.

*Norate*, 207 A.2d at 894 (quotation omitted). At the same time, the *Norate* Court noted that "[a]esthetic reasons may not furnish the *sole* basis for [billboard] regulation." *Id.* at 895 n.8 (emphasis in original) (citations omitted).

9

> Accordingly, our analysis in a case like this one proceeds in two steps. With our limited standard of review in mind, we first consider whether the challenging party has overcome the presumed constitutionality of an ordinance by showing it excludes billboards as a use. If we determine the challenger has done so, we then consider whether the municipality has salvaged the ordinance by presenting evidence to show that the exclusionary regulation bears a substantial relationship to the public health, safety, morality, or welfare. *See Beaver Gasoline Co. v. Zoning Hearing Bd. of Borough of Osborne*, 285 A.2d 501, 504-05 (Pa. 1971); *Borough of Dickson City v. Patrick Outdoor Media, Inc.*, 496 A.2d 427, 430 (Pa. Cmwlth. 1985).

*Exeter*, 962 A.2d at 659-61 (internal footnote omitted).

The Borough's rejoinder appears to rest upon the proposition that this two-part test is inapplicable to this situation. According to the Borough, digital signage is merely a preferred method of outdoor advertising, similar to erecting billboards of certain sizes, and that a ban of this nature does not affect a landowner's overall ability to erect billboards, as they are still able to use non-digital formats for the ads depicted thereon. Borough's Br. at 9, 15-28. Furthermore, while acknowledging that Pennsylvania courts have previously deemed total bans against moving, flashing, or intermittently illuminated billboards to be constitutionally suspect, the Borough maintains that "[d]igital technology is separate and distinct" from those types of signs. *Id.* at 9-10. In the Borough's view, digital billboards are thus not entitled to the same level of constitutional protection and, consequently, it was not the Borough's burden to show that the ban imposed against them through Ordinance 1048-2018 was substantively valid. *Id.* at 9-10, 15-16.

The Borough is correct in a sense, in that the burden in a substantive validity challenge does not usually fall upon a municipality. In most situations,

> the party challenging the validity of the provisions of a zoning ordinance must establish that the challenged provisions are arbitrary or unreasonable and have no

10

> substantial relationship to promoting the public health, safety and welfare. . . . In examining whether the ordinance is a valid exercise of the police powers, reviewing courts must balance the public interest to be served by the ordinance against the confiscatory or exclusionary impact of the ordinance on individual rights.

*Protect PT v. Penn Twp. Zoning Hearing Bd.*, 220 A.3d 1174, 1183 (Pa. Cmwlth. 2019) (internal citation omitted). "When presented with a challenge to a zoning ordinance, the reviewing court presumes the ordinance is valid. The burden of proof is on the party challenging the ordinance, and where its validity is debatable, it must be upheld." *Main St. Dev. Grp., Inc. v. Tinicum Twp. Bd. of Supervisors*, 19 A.3d 21, 26 (Pa. Cmwlth. 2011).

However, existing case law compels us to reject the Borough's argument on this point. It is undeniable that "[a] municipality has the power to regulate signs, billboards or other advertising media provided such regulation is not unreasonable, arbitrary, or discriminatory, and there is a reasonable relationship to the safety, morals, health, or general welfare of the community." *Adams Outdoor Advert., LP v. Zoning Hearing Bd. of Smithfield Twp.,* 909 A.2d 469, 477 (Pa. Cmwlth. 2006). In line with this power, "[a] zoning authority can establish rigorous objective standards in its ordinance for size, placement, materials, or coloration of signs to [e]nsure that their offensiveness is minimized as much as possible." *York Twp.*, 608 A.2d at 594. If a landowner lodges a substantive validity challenge against an objective standard of this nature, the burden of proof rests solely upon them, in keeping with the more common rule. *Smithfield Twp.*, 909 A.2d at 478. "Signage ordinances utilizing such objective standards shall be upheld where they are reasonably related to the clearly permissible objectives of maintaining the aesthetics of an area and fostering public safety through preventing the distraction of passing motorists." *York Twp.*, 608 A.2d at 594.

Despite this, both this Court and our Supreme Court have shown heightened concern in previous matters which dealt with municipalities' complete bans against *specific types* of billboards or advertising signs. *See Appeal of Ammon R. Smith Auto. Co.*, 223 A.2d 683, 685 (Pa. 1966) (township ordinance prohibiting flashing advertising signs was "patently unreasonable, unjustifiable and invalid"); *Norate*, 207 A.2d at 894-96 (local ordinance forbidding "off-site" advertising, *i.e.*, signs and billboards located beyond the premises of the business being promoted, was "patently unreasonable and invalid . . . as an improper exercise of the Township's police power"); *Amerada Hess Corp. v. Zoning Bd. of Adjustment*, 313 A.2d 787, 789-90 (Pa. Cmwlth. 1973) (citywide ban on revolving advertising signs was unconstitutional). In accordance with this heightened concern, this Court has held that "a municipality has no power to place a blanket prohibition on [a specific type of billboard] without any regard to location, size of signs, or other considerations." *Amerada Hess*, 313 A.2d at 789. There is clear tension between these two lines of case law; nevertheless, in the event a landowner challenges a municipality's decision to totally proscribe a certain kind of billboard, precedent dictates that the *municipality* has the burden of proof and must establish that its ban passes constitutional muster. *Id.* at 790.

Returning to the matter at hand, a digital billboard is a type of advertising sign that, like one which revolves or has elements that are illuminated or flash intermittently, constitutes a land use that is distinct from a billboard which only displays static images. Thus, the scope of a local digital sign ban is determinative of whether it is the challenger or the municipality that has the burden of, respectively, disproving or establishing the ban's constitutionality. *Smithfield Twp.*, 909 A.2d at 478; *York Twp.*, 608 A.2d at 594; *Amerada Hess*, 313 A.2d at 790. In this instance,

12

Zoning Ordinance Section 27-805(8) explicitly prohibits "[e]lectronic message boards" throughout the Borough. The parties do not dispute that the digital billboard Adams Outdoor and Counterman wish to build on the Property falls within the scope of the Zoning Ordinance's definition of this term. *See* Zoning Ordinance § 27-804(6).

This being the case, it was the Borough's responsibility to defend its total ban "by presenting evidence to show that the exclusionary regulation bears a substantial relationship to the public health, safety, morality, or welfare." *Exeter*, 962 A.2d at 661.[9] It failed to do so, instead declining to offer any evidence or testimony in support of Ordinance 1048-2018, or the resultant amendments to the Borough's Zoning Ordinance, at the Board's June 19, 2019 hearing. Having failed to carry its burden of proof, the Borough gave neither the Board nor the Trial Court a justifiable basis for upholding the Borough's total prohibition against digital billboards. Therefore, the Trial Court properly reversed in part the Board's denial of the substantive validity challenge to the bar against erecting "[e]lectronic message

_____

[9] It bears mentioning that this burden is not always imposed upon a municipality in every situation where a landowner challenges a total ban against a certain land use.

> Common knowledge indicates that certain types of business activities, by reason of the particularly objectionable quality of those activities, are undesirable land uses and total prohibition would appear *prima facie* to be designed to protect those public interests which zoning statutes permit municipalities to protect. . . . [These include] activit[ies] generally known to give off noxious odors, disturb the tranquility of a large area by making loud noises, have the obvious potential of poisoning the air or the water of the area, or similarly have clearly deleterious effects upon the general public[.]

*Beaver Gasoline*, 285 A.2d at 504. Where a use that is of a "particularly objectionable quality" is barred by local ordinance, the burden remains with the challenger to disprove its validity. *Appeal of Green & White Copter, Inc.*, 360 A.2d 283, 285 (Pa. Cmwlth. 1976). That being said, the Borough does not argue in this matter that digital billboards are *per se* objectionable.

13

boards" in the Borough, on substantive due process grounds, and appropriately granted to Adams Outdoor site-specific relief.

### III. Conclusion

In keeping with the foregoing analysis, we affirm the Trial Court's February 12, 2020 order.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adams Outdoor Advertising, LTD.,   :
A Limited Partnership, Organized   :
Under the Laws of the State of   :
Minnesota by its Managing   :
General Partner, Adams Outdoor   :
Advertising, Inc.   :
  :
      v.   :  No. 392 C.D. 2020
  :
Zoning Hearing Board of the   :
Borough of Stroudsburg   :
  :
      v.   :
  :
Borough of Stroudsburg,   :
            Appellant   :

# **O R D E R**

AND NOW, this 17th day of May, 2021, the February 12, 2020 order of the Court of Common Pleas of Monroe County is AFFIRMED.

_____
ELLEN CEISLER, Judge