SWANN, Judge.
Nina Jane Andrews obtained a permanent injunction enjoining the Town of Surf side from enforcing the terms and provisions of its zoning ordinance against her. The chancellor found the ordinance to be arbitrary, unreasonable, capricious and discriminatory in its application to her, and entered his final decree accordingly. The Town now appeals from that final decree. Affirmed.
The chancellor set forth the following findings in his decree:
******
“That through a series of building projects maintained by the Plaintiff and authorized by the Defendant, the Plaintiff now finds herself with a large home on Lots 18 and 19, Block 5, Altos Del Mar #5, extending some five feet on Lot 17. This home is connected by a simple ‘breezeway’ to a complete two bedroom, two bath ‘home’ located on Lot 17. The later structure originally contained, as authorized, a ‘laundry room’’ instead of a kitchen. Water and sewer service is provided for the later house through connections on the earlier home. The Plaintiff, without authorization, converted the ‘laundry room’ into a kitchen. The later house on Lot 17 now stands as a complete independent home, but cannot be used as such because it is on a lot smaller than required by the zoning law of the Defendant. Application for variances by the Plaintiff have been denied by the Defendant.
“The Plaintiff brings this suit for authority to sever the two properties, obtain separate water and sewer connections for the later home, and treat it as an independent dwelling.
“As it stands the later house is in violation of the Defendant’s zoning law. But there, in fact, it stands. To grant Plaintiff the relief she seeks would not increase the density of population in the-area, the fire hazard would not be increased, and no damage to public health, safety, welfare or morals would be done. To deny Plaintiff the relief she seeks would be to enforce the letter of the law against her to her detriment without any substantial benefit to anyone else.
“The Plaintiff is an elderly woman who probably misunderstood that variances are not invariably granted.
“The Defendant, trying to be accommodating, allowed construction which now turns out to be an embarrassment to both parties.”
******
The decree then allowed plaintiff to sever the two buildings, making the house on. *209 Lot 17 a separate dwelling, with independent water and sewer connections, and enjoined the Town from attempting to enforce the ordinance against the plaintiff.
The net effect of the final decree was to permit plaintiff to have a house on a Lot 48' 7" wide on one end and 45' 81/2" wide on the other, when the ordinance required fifty foot lots. The plaintiff having established that the zoning ordinances, as applied to her, resulted in undue detriment, as found by the trial court, and the Town having failed to establish that the zoning restriction here imposed bears substantially on the public health, morals, safety or welfare of the community, we affirm upon the Supreme Court decision of Burritt v. Harris, Fla.1965, 172 So.2d 820. Justice Caldwell, in speaking for the court, stated at 172 So.2d 823:
* * * * * *
“The constitutional right of the owner of property to make legitimate use of his lands may not be curtailed by unreasonable restrictions under the guise of police power. The owner will not be required to sacrifice his rights absent a substantial need for restrictions in the interest of public health, morals, safety or welfare. If the zoning restriction exceeds the bounds of necessity for the public welfare, as, in our opinion do the restrictions controverted here, they must be stricken as an unconstitutional invasion of property rights.”
******
See also Lawley v. Town of Golfview, Fla.App.1965, 174 So.2d 767.
The Town has also raised the contention that equitable relief should have been denied to the plaintiff because she came to the court with unclean hands. The parties were before the chancellor who had an opportunity to observe their demeanor and to hear the testimony, pro and con. The evidence was conflicting and contradictory on this point and the chancellor, in the exercise of his judicial discretion, found that the doctrine of unclean hands did not apply. A review of the record does not convince us that the chancellor abused his discretion.
Accordingly, the final decree of the chancellor be, and the same is hereby
Affirmed.