206 So.2d 282 (1968)
Victor H. KUGEL, and Faye A. Kugel, His Wife, Appellants,
v.
CITY OF MIAMI BEACH, a Florida Municipal Corporation, Appellee.
No. 67-137.
District Court of Appeal of Florida. Third District.
January 23, 1968.
Rehearing Denied February 14, 1968.
*283 Milton E. Grusmark, Natalie Baskin and Martin Greenbaum, Miami Beach, for appellants.
Joseph A. Wanick, City Atty., for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
PEARSON, Judge.
The appellants, Victor and Faye Kugel, are the owners of a corner lot on the northwest corner of 17th Street and Meridian Avenue in Miami Beach, Florida. They appeal a final decree which denied relief upon their complaint that the City of Miami Beach zoning ordinance, restricting them to a residential use of their property, was so restrictive as to be unconstitutional. A final decree for the defendant, City, was entered by the chancellor after a full hearing. We think it implicit in his holding that he found some equity in the complaint but determined that under the rules of law applicable to zoning cases, he ought not grant relief. The decree found as follows:
"The Court now being fully advised in the premises considers it to be axiomatic that a line has to be drawn in every zoning ordinance. The Court further finds and determines that the line drawn by the City Council in the City Zoning Ordinance setting 17th Street as being the line of demarcation between the business uses to the south and the residential uses to the north of said street to be based on reason and that the Plaintiffs have failed to demonstrate that the fixing of said line is arbitrary or capricious."
Appellants' complaint alleged that the "R.E." classification of the property is arbitrary, void, unreasonable, discriminatory and unconstitutional by reason of the fact that
"7. The immediate area of this property is bordered as follows: on the south, which runs parallel to 17th Street, three office buildings within a BAAA business district, these buildings are located on Meridian Ave. and are described as follows:
1674 Meridian Ave. 4 stories
1680 Meridian Ave. 6 stories
1688 Meridian Ave. 9 stories
On the immediate east is Meridian Avenue, however, north of the Plaintiffs' property, the entire area is zoned RE. Directly east of the Plaintiffs' property, across the street, is a bank and office building, which office building has rented offices to other than those connected with the bank and therefore must be classified in either BAA or BAAA zoning classification. To the southeast of Plaintiffs' property is Burdine's Department Store, which has within it both BAA and BAAA zoning classification. This entire eastern area is bordered by the Miami Beach Convention Hall Complex, which is 329 feet from the Plaintiffs' eastern boundaries. Southeast of this property is the Off Street Parking Facilities which has facilities for 2,763 cars. 500 feet south of Plaintiffs' property is the Lincoln Road Mall, which is zoned BAA, and between the Lincoln Road Mall and Plaintiffs' property south boundary are additional Off Street Parking Facilities."
A review of the record convinces us that the uncontroverted facts support the allegations as to the geography of appellants' property. On this appeal we are presented with the question of whether such restrictive zoning, as that alleged in the complaint and proved in the record, can be justified upon the ground that a line must be drawn somewhere and that since the legislative authority has drawn that line, the courts ought not change it.
*284 Appellants' property has a 62 1/2 foot frontage on the west side of Meridian Avenue and 150 feet on the north side of 17th Street, Miami Beach, Florida. When the present zoning classification was changed from single family to multiple family residence in 1952, the 17th Street neighborhood was quiet and relatively secluded. Since that time the City of Miami Beach has built a large auditorium and convention facility upon a neighboring land which is zoned for residential use. This complex is just east of appellants' property. In addition, the City has closed Lincoln Road (16th Street), which was a main thoroughfare. The result is that 17th Street has become one of the main east-west thoroughfares in the City. Further, by a change in the zoning laws, the City has allowed a federal savings and loan association to build an office building on the corner immediately across Meridian Avenue from appellants' property. The office building is on property zoned residential but is used for business. The changes in the area have resulted in a large concentration of non-residential activity in a residential area.
Where changed conditions create a situation where the zoning of appellants' property is so unreasonable as to constitute a taking of his property, then the courts are justified in striking down the arbitrary zoning classification.
The Supreme Court of Florida set out the applicable reasoning in Burritt v. Harris, Fla. 1965, 172 So.2d 820 at 823:
"The constitutional right of the owner of property to make legitimate use of his lands may not be curtailed by unreasonable restrictions under the guise of police power. The owner will not be required to sacrifice his rights absent a substantial need for restrictions in the interest of public health, morals, safety or welfare. If the zoning restriction exceeds the bounds of necessity for the public welfare, as, in our opinion, do the restrictions controverted here, they must be stricken as an unconstitutional invasion of property rights".
We hold that the zoning of appellants' property is arbitrary and unreasonable and the same amounts to confiscatory regulation of appellants' property. See Tollius v. City of Miami, Fla. 1957, 96 So.2d 122; Burritt v. Harris, supra; Lawley v. Town of Golfview, Fla.App. 1965, 174 So.2d 767; Shearer v. Metropolitan Dade County, Fla.App. 1966, 189 So.2d 501; Town of Surfside v. Andrews, Fla.App. 1966, 193 So.2d 207. The trial judge was in error when he failed to grant appellants' relief.
The appellee-City urges that appellants are estopped by their own action from claiming relief under the facts alleged in the complaint. The record reveals that appellants acquired their property in 1946 as their home and in 1957 obtained a zoning variance which authorized one of the appellants, Dr. Victor H. Kugel, to practice medicine from an office in the building. The building has been used partly as a doctor's office since that time. It is urged that the doctrine of estoppel set out in Josephson v. Autrey, Fla. 1957, 96 So.2d 784, and Servatt v. Dade County, Fla.App. 1965, 173 So.2d 175 bars appellants from relief; that is, the appellants, having received a variance thus affirm the ordinance and may not question the validity of the ordinance as it applies to their property. This principle cannot be applied to the present action because appellants' variance was secured in 1957, more than ten years ago, when conditions upon Miami Beach and in this neighborhood were totally different from the present situation. It would make inequitable the equitable doctrine of estoppel to hold, that having applied for a variance in a quiet residential area, the appellees are estopped from presenting to the court facts which established that their residential property has, by the action of the City, been isolated by the erection of tall buildings and parking lots. We hold that appellants are not estopped by the existence of the variance.
*285 Appellee also suggests that this Court should treat the residential zoning of appellants' property as an exercise of the legislative authority of the city council, and that as such, it falls under the fairly debatable rule adhered to by this Court in the City of Miami v. Zorovich, Fla.App. 1967, 195 So.2d 31. In that case, we held that zoning regulations which promote the integrity of a neighborhood and preserve its residential character are related to general welfare of the community and are a valid exercise of the legislative power. See also Parking Facilities, Inc. v. City of Miami Beach, Fla. 1956, 88 So.2d 141; City of Miami Beach v. Wiesen, Fla. 1956, 86 So.2d 442. The present case does not come within the bounds of this rule because the record clearly reveals that to change the residential zoning of appellants' property will in no way act to destroy the integrity of a neighborhood. The character of the property has already been changed by other actions of the municipality. The zoning regulation in question, as applied to appellants' property, is arbitrary and unreasonable and cannot be characterized as "fairly debatable."
We therefore hold that appellants are entitled to relief under the allegations of the complaint. The cause is remanded for a decree in accordance with this holding.
Reversed and remanded.