278 So.2d 634 (1973)
DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Violet C. WILLIAMS, Appellee.
Nos. 72-1110 to 72-1112.
District Court of Appeal of Florida, Third District.
June 5, 1973.
*635 Stuart Simon, County Atty., and St. Julien Rosemond, Asst. County Atty., for appellant.
Courshon & Berk, Miami Beach, and Nathaniel Weinstein, for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
Dade County is the appellant in all three of these appeals. They arise out of a zoning controversy and are consolidated for all appellate purposes. The principal appeal is #72-1110 which is from a final order of the circuit court in a certiorari proceeding. The order in question had quashed a resolution of the County Commission which had rezoned the appellee's property from RU-1 (single family residential) to EU-S (three-quarter acre estate zoning), while the appellee was in the process of litigating her claimed right to a revised platting of the property in accordance with the existing zoning. Appeal #72-1111 is from a final order in certiorari which quashed a resolution of the County Commission denying the appellee the right to subdivide her property in conformity with the existing zoning. Appeal #72-1112 is an interlocutory appeal from an order entered subsequent to the final order in the case concerning the revised platting. This last order denied a motion of the County which asked for relief from the court's decision because the County had, in the interim between the consideration of the case and the entry of the actual order, rezoned the appellee's property.
The appellant's main contention is that the trial court erred in directing the appellant to grant a special exception allowing the appellee to subdivide her property in accordance with the then existing zoning (RU-1, single family residential), because the proposed subdivision did not include lots which were compatible in size with other lots in the neighborhood. The trial court's determination that the size of the proposed lots was compatible is supported by the record which was before the trial court and which we are now called upon to review. While there are some lots in the area which are larger, there are also many which are smaller. We cannot fault the trial court in its determination that the record before the County Commission affirmatively showed that the proposed platting met the Commission's own guidelines. It should be clearly understood that the lot size sought by the proposed platting was as large or larger than that required by the then existing RU-1 zoning.
The appellant's second argument claims that the County had a legislative right to upgrade the zoning during the time that appellee was litigating her right to a revised platting. In fact, a legislative authority has a right to change zoning at any time if the change is made in accordance with the limitations of the police power. Nevertheless, in the circumstances of this particular case, because the record supports the trial judge's finding that the zoning change was effected capriciously in order to defeat pending litigation, the zoning change may be held to be unreasonable. We hold that the record taken as a whole supports the trial judge's finding on this point.
Accordingly, the orders appealed are affirmed.
Affirmed.