NATHAN, Judge.
This is an appeal by Dade County, the respondent, from a final order in a certio-rari proceeding, which granted a petition for certiorari filed by petitioners Frank G. Murphy and Paul H. Laufer, and quashed a resolution .of the Dade County Commission denying an application for a special exception to resubdivide and reface lots 113 through 119 of Biscayne Gardens, Section F, Part I, recorded in Plat Book 44 at Page 46 of the Public Records of Dade County, Florida.
Petitioners Murphy and Laufer are the owners of the aforedescribed property comprising 7 lots in Biscayne Gardens, Section F, measuring 700 feet x 515 feet, or 8.28 acres. The petitioners have owned this property since 1969 and one of the petitioners resides thereon. At all times material to this action, up to and including the present, the zoning on the land was RU-1 (single family residential) which permits building lots of 75 feet x 100 feet or larger. The existing use of the land would permit only 7 single family homes. *617 The petitioners seek to subdivide the 7 lots into 23 lots, each larger than the minimum required. In the surrounding area, there are 75 x 100 foot lots and in nearby Biscayne Gardens subdivision there are existing lots smaller than those proposed by Laufer and Murphy. The County Zoning Department had determined that lots of 75 feet x 100 feet were the appropriate size for this land. The County Planning and Zoning Directors reviewed the application and recommended approval.
In February of 1974, the plat for 23 lots, was submitted to the county with an application for public hearing. It was heard by the Zoning Appeals Board and denied with prejudice. An appeal was then taken to the County Commission which sustained the decision of the Zoning Appeals Board. The petitioners sought review by filing a petition for certiorari in the circuit court. The petition was granted. In its order, the court made a finding that the County Commission acted arbitrarily and unreasonably in denying the application of the petitioners, forming the subject matter of the resolution, and that the petitioners were entitled to a special exception for resubdivision and refacing of the lots. The order directed Dade County to grant petitioners Murphy and Laufer the special exception sought in their application for public hearing to resubdivide and reface the property in question into 23 residential lots.
On appeal, Dade County contends that the trial court erred in granting the petition for certiorari and awarding the relief sought therein since the petitioners did not meet the guidelines for a special exception in that they failed to carry the burden of demonstrating that the County Commission’s affirmance of the denial by the Zoning Appeals Board is not fairly debatable.
We find that the facts presented in Dade County v. Williams, Fla.App.1973, 278 So. 2d 634, are similar to the facts presented in the instant case. In both cases, the trial court directed Dade County to grant a special exception allowing the appellee landowner to divide his property in accordance with the then existing RU-1 zoning, where the proposed subdivision includes lots compatible in size with other lots in the neighborhood. Although some lots in the neighborhood are larger than those proposed, there are also some which are smaller. As in the Williams case, the trial judge’s determination that the size of the proposed lots is compatible is supported by the record. The lot size sought by the proposed platting was as large or larger than that required by the existing RU-1 zoning.
In this case, as in the Williams case, supra, the issue is not fairly debatable since refacing the larger lots into smaller lots would be compatible with the area and is within the requirements of the existing RU-1 zoning.
Dade County’s contention of error based on procedural matters is not well taken.
Affirmed.