328 So.2d 854 (1976)
R.L. OLIVE and Jeannette Olive, His Wife, Appellants,
v.
CITY OF JACKSONVILLE, a Political Subdivision of the State of Florida, Appellee.
No. Y-119.
District Court of Appeal of Florida, First District.
March 26, 1976.
Thomas W. Danaher, Haimowitz & Newton, Jacksonville, for appellants.
Harry L. Shorstein and William L. Coalson, Jacksonville, for appellee.
PER CURIAM.
The zoning regulations of the City of Jacksonville provide for various commercial classifications. Relevant here are CG (Commercial General), CN (Commercial Neighborhood) and CPO (Commercial, Professional and Offices). Of the three classifications, CG is the least restrictive and allows the most intensive commercial uses while CPO is the most restrictive and allows the least intensive uses.
In 1948, appellants purchased Lot 19, Hyde Grove Subdivision, Plat Book 18, page 76 of the Public Records of Duval County, Florida, and constructed thereon a singlefamily residence where they have since resided. At that time, the entire surrounding area was devoted to single-family residences and none of the roads were paved. With the passage of time the character of the neighborhood has changed and plaintiffs' property is now surrounded on three sides by property zoned CG. Fronting plaintiffs' property is a Hess Oil Station. To the rear is located a dairy store, a hamburger restaurant, a drug store and a Standard Oil Gas Station. Also adjacent is a proposed shopping center and a Kentucky Fried Chicken restaurant. To the east is a single-family residence. One lot removed *855 from plaintiffs' property is Lane Avenue, in 1948 a two-lane dirt road but now a four-lane arterial highway leading to Interstate 10. Contingent upon rezoning, appellants have contracted to sell Lot 19 to the owner of Lot 20. For clarity, we here reproduce a portion of plaintiffs' Exhibit II:

*856 Upon appellee denying appellants' petition to have their property rezoned to CN, appellants filed suit. Following a lengthy trial, the learned and able trial judge entered a final judgment in which he recited, inter alia:
"Since the plaintiffs' Lot 19 is now surrounded on three sides by property rezoned commercial general, and only on the east by property zoned residential, it is not possible to conclude that failing to rezone the plaintiffs' Lot 19 to a commercial classification of some sort would be defensible as `fairly debatable'. It is not `fairly debatable' but is unconstitutionally discriminatory and confiscatory."
Having so found, the trial court enjoined appellee from enforcing against the subject property any zoning classification more restrictive than CPO.
In holding not fairly debatable the constitutional necessity of rezoning appellants' property to a commercial classification the able trial judge was eminently correct. However, recognizing the ability of the trial judge and affording his findings and conclusions the presumption of correctness to which they are lawfully entitled, we nevertheless fail to understand the constitutional rationale for imposing upon appellants' property a classification more restrictive (CPO) than that sought by appellants (CN) and appreciably more restrictive than that imposed upon the surrounding properties (CG). We fully recognize that "a line must be drawn somewhere" (Kugel v. City of Miami Beach, Fla.App.3rd 1968, 206 So.2d 282). However, in the absence of some physical barrier or other logical boundary, we know of no authority for drawing the line as has been done sub judice. While imposition of CPO zoning classification upon appellants' property does not render it a "veritable island" as described in Tollius v. City of Miami, Sup.Ct.Fla. 1957, 96 So.2d 122, it does render the subject property a literal peninsula.
To deny appellants the zoning classification sought (which is more restrictive and permits a less intensive use than that to which they are entitled but did not request) would constitute spot zoning in reverse (Kugel v. City of Miami Beach, supra).
Closely analogous to the facts of this case are those appearing in Stokes v. City of Jacksonville, Fla.App.1st 1973, 276 So.2d 200, wherein the appellants' properties constituted a peninsula of residentially zoned lots surrounded by commercial classifications and usages. In that case, we said:
"These residents purchased their homes many years ago in a relatively quiet residential area. The sovereign, not the landowners, determined that it was in the public's welfare to expand a twolane highway into a six-lane thoroughfare continuously traversed by noisy, smoke and fume emissioning behemoths which rendered their residences almost uninhabitable. It was the sovereign, not the subject landowners, that granted to the property owners directly across Cassat Avenue the right to develop intense commercial usage of their property without regard to increased vehicular traffic. And it was the sovereign, not the subject landowners, that permitted a service station to the north, and a service station to the northwest, and a service station to the west. These landowners are so surrounded by commercial activity that they must have an empathy with General Custer in his last stand. In short, the sovereign, by its past activities, has changed the character of this immediate neighborhood, and having done so, now refuses to recognize that which it created." (276 So.2d 204)
The law of Florida relative to zoning matters is thoroughly recited in this Court's opinion in Davis v. Sails, Fla.App. 1st 1975, 318 So.2d 214, and no useful purpose will be accomplished by repetition here. Suffice to say, that upon application of those principles to the evidence revealed by the record in this case and the *857 findings of the able trial judge, we are forced to the inescapable conclusion that although the trial judge was eminently correct in prohibiting enforcement against appellants' property any classification more restrictive than commercial he should have enjoined any classification more restrictive than CN, the classification sought by appellants.
Reversed and remanded with directions for the entry of a final judgment enjoining appellee, City of Jacksonville, from enforcing against appellants' property (hereinabove described) any zoning classification more restrictive than commercial neighborhood (CN).
BOYER, C.J., and RAWLS and MILLS, JJ., concur.