HERSEY, Judge.
The Town of Lantana appeals from a final judgment finding its comprehensive zoning plan ordinance unconstitutional as applied to the property of Dallas R. Howard.
The final judgment contains extensive findings of fact and an analysis of the applicable zoning law. It does not, however, pinpoint the reason for the ordinance’s unconstitutionality as applied to the property in question.
A zoning ordinance enjoys a presumption of validity. Lambros, Inc. v. Town of Ocean Ridge, Florida, 392 So.2d 993 (Fla. 4th DCA 1981). We have previously recognized the extraordinary burden of proving the invalidity of zoning legislation enacted by a municipality. S.A. Healy Co. v. Town of Highland Beach, 355 So.2d 813 (Fla. 4th DCA 1978). To be balanced against the operation of this presumption, however, is the constitutional right of an owner to use his property unfettered by government regulation in the form of zoning ordinances where the zoning is not reasonably related to public health, morals, safety or welfare. Burritt v. Harris, 172 So.2d 820 (Fla.1965).
The landmark case of Davis v. Sails, 318 So.2d 214 (Fla. 1st DCA 1975), discusses the interrelationship between the tests which courts apply to determine whether a particular ordinance or its application infringes upon constitutional principles. The Davis court, through Chief Judge Boyer, defined the process in the following language:
The law is so well settled as to require no citations of authority that a city or county has the right and power, within the confines of applicable enabling statutes, to adopt zoning ordinances or regulations. Further, such zoning ordinances or regulations are, like other legislative acts, presumed valid. Two other rules or law, which sometimes become confused and intertwined, are the “substantial relationship rule”, and the “fairly debatable rule”. The substantial relationship rule is substantive law, and may be simply stated as follows: In order for a zoning ordinance or regulation to be valid, it must have come [sic] substantial relationship to the promotion of the public health, safety, morals or general welfare. When correctly applied, this rule is not in any manner modified by the fairly debatable rule. The latter rule, being a rule of procedure or application, may be simply stated as follows: If the application of a zoning classification to a specific parcel of property is reasonably subject to disagreement, that is, if its application is fairly debatable, then the application of the ordinance by the zoning authority should not be disturbed by the courts. Of course, it is always a matter for the court to determine whether a zoning authority acted reasonably or fairly or whether capriciously or arbitrarily. The fairly debatable rule applies to the application of the ordinance and does not modify the requirement that the ordi *938 nance itself and the application thereof must have a reasonable relationship to the health, safety, morals or general welfare.
318 So.2d at 217 (emphasis supplied).
Appellee’s property is bounded on the east by the waters of Lake Worth and on the north by single-family residential properties (with some duplexes apparently existing at the time of the adoption of the zoning ordinance and therefore grandfathered in). Single-family residential zoning under such circumstances clearly bears a reasonable relationship to the public health, morals, safety or general welfare. City of Hollywood v. Hollywood, Inc., 432 So.2d 1332 (Pla. 4th DCA), pet for rev. den., 441 So.2d 632 (Fla.1983). We find nothing in the final judgment to suggest that the trial court came to a different conclusion as to the substantive validity vel non of the zoning ordinance.
Apparently, the holding of the trial court is based upon a determination that application of single-family residence zoning to appellee’s property is not fairly debatable and that no reasonable basis exists to support the ordinance. That this was the foundation for the final judgment is illustrated by the trial court’s reliance on the case of Kugel v. Miami Beach, 206 So.2d 282 (Fla. 3d DCA), cert. denied, 212 So.2d 877 (Fla.1968), cert. denied, 393 U.S. 1021, 89 S.Ct. 629, 21 L.Ed.2d 565 (1969). The question we must determine, then, is whether appellee is appropriately placed in Kugel’s shoes.
The Kugel court found that the following factors rendered the ordinance under attack in that case constitutionally infirm:
Appellants’ property has a 62V2 foot frontage on the west side of Meridian Avenue and 150 feet on the north side of 17 th Street, Miami Beach, Florida. When the present zoning classification was changed from single family to multiple family residence in 1952, the 17th Street neighborhood was quiet and relatively secluded. Since that time the City of Miami Beach has built a large auditorium and convention facility upon a neighboring land which is zoned for residential use. This complex is just east of appellants’ property. In addition, the City has closed Lincoln Road (16th Street), which was a main thoroughfare. The result is that 17th Street has become one of the main east-west thoroughfares in the City. Further, by a change in the zoning laws, the City has allowed a federal savings and loan association to build an office building on the corner immediately across Meridian Avenue from appellants’ property. The office building is on property zoned residential but is used for business. The changes in the area have resulted in a large concentration of non-residential activity in a residential area.
206 So.2d at 284.
Thus, in Kugel, a concrete jungle had enveloped the subject property, rendering residential use totally inappropriate. In the instant case, appellee maintains, and the trial court determined, that appellee’s property suffers from a similar encroachment by commercial uses.
Shortly after purchasing the lot in question in 1977, appellee built a home for $280,000. Within a few short months he placed the property on the market with an asking price of $395,000. The fact that, during the next three and one-half years, no purchaser was willing to give Mr. Howard a profit in excess of $100,000 is less than compelling evidence that the property is improperly zoned. Furthering his case, however, appellee points to three factors which he argues contribute to his inability to sell his property.
The first factor relied upon by appellee is the influx of traffic on North Lake Drive adjacent to the property. The evidence supports a finding of an increase in traffic during recent years. However, if increased traffic was sufficient in and of itself to require a change in zoning to a commercial use, then most residential zoning in south Florida would soon be relegated to the realm of the dinosaur. The population explosion is mirrored in the pro *939 liferation of motor vehicles, and this is particularly so in most of south Florida.
Second, appellee points out that adjacent property to the south of his is zoned residential “D” which permits a modicum of commercial development. While the trial court found that appellee was not aware of this zoning at the time that he purchased the lot, we are compelled by the record to conclude that the trial court fell into error on this point. The record mandates a finding that appellee was aware or was chargeable with knowledge of this zoning. In addition, the adjacent lot remains vacant so that its zoning represents only a spectre hovering in the background that may never materialize to appellee’s detriment.
Third, appellee complains that the Town of Lantana has allowed commercial establishments to be built on East Ocean Avenue, a main thoroughfare south of appel-lee’s property. The evidence supports a finding that a group of apartments were converted for use as small stores on property located on East Ocean Avenue, and that an alley runs behind these shops intersecting North Lake Drive in the vicinity of appellee’s property. We also note that the alley opens onto another street, so that traffic is not necessarily funneled onto North Lake Drive by the existence of those establishments and the location of the alley. Appellee further charges that a church near the alley, which conducts an on-going garage sale, creates additional traffic and parking problems. (There is no evidence that the church or its activities had their genesis subsequent to appellee’s acquisition of the subject property.) Appel-lee also argues that patrons of local bars located on East Ocean Boulevard and on U.S. Highway One create a trespassing problem for properties located on North Lake Drive.
Whether the above factors, taken together, directly contribute to appellee’s inability to sell the property at a profit is problematical. What is certain, however, is that while the factors relied upon by appel-lee and particularly those that we have recited here may constitute somewhat of a nuisance to a property owner, they do not constitute a sufficient basis for invalidating a zoning ordinance. Appellee’s case is a far cry from Kugel. The two eases, as well as the physical facts, are clearly distinguishable one from the other.
The limitation on the use of appel-lee’s property must constitute more than a prohibition against the highest and best use to be considered confiscatory. Broward County v. Capeletti Brothers, 375 So.2d 313 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 755 (Fla.1980); Town of Indiatlantic v. McNulty, 400 So.2d 1227 (Fla. 5th DCA 1981). Appellee failed to prove the ordinance precludes any reasonable use of his property.
Accordingly, finding the municipal zoning ordinance to be reasonably related to the promotion of the public health, morals, safety and general welfare, and that its application to appellee’s property is reasonable upon this record, we reverse the final judgment which found the ordinance unconstitutional as applied.
REVERSED.
LETTS and BERANEK, JJ., concur.