459 So.2d 418 (1984)
TOWN OF ORANGE PARK, Appellant,
v.
Gerald F. POPE, and Martin K. Oberdeck, Appellees.
No. AX-167.
District Court of Appeal of Florida, First District.
November 15, 1984.
Rehearing Denied December 13, 1984.
*419 C. Edward Rich, Jacksonville, for appellant.
J. Clark Hamilton, Jr., of Grissett, Humphries & Kellogg, Jacksonville, for appellees.
BARFIELD, Judge.
The Town of Orange Park appeals the final judgment of the circuit court enjoining the Town from imposing a zoning classification more restrictive than RG-1 (multi-family residential) on certain property. We reverse.
The property in question is an L-shaped parcel of land containing approximately 2.2 acres in Orange Park, Florida. The property is zoned RS-2, single family residential. The appellees applied for rezoning to RG-1, multi-family residential. The Planning and Zoning Board was of the opinion that the application should be denied. The Orange Park Town Council agreed and denied the application for rezoning. The appellees brought an action in circuit court alleging, inter alia, that the denial of the application was arbitrary and capricious and not fairly debatable and sought an injunction against the Town prohibiting enforcement of a use classification more restrictive than RG-1.
The property in question is located a block from U.S. 17. It fronts on Blake Avenue, which accesses to U.S. 17. The property between U.S. 17 and the subject property is commercial. Between the commercial property and the subject property is a twenty foot buffer zone. The subject property is surrounded on the remaining three sides by property zoned RS-2, single family residential.
As so often happens in court tests of legislative zoning actions, the trial court was not in a position to simply review a record of proceedings before the zoning authority, but had to consider de novo evidence that tended to support or refute the action of the zoning authority. Nevertheless the action of the court is in the nature of review and should not be a substitution of judgment. It is the factual record to which we must turn in order to evaluate the ruling of the trial court.
The owners of the property called as a witness Richard Quigley, a retired zoning administrator, who was accepted by the court as a zoning and land planning expert. He testified that step-down zoning is good practice and that multi-family zones could be used as a buffer between commercial and single family areas. Mr. Quigley acknowledged that fences could be used as buffers, but they permitted some noise and light to reach the adjacent areas. He identified some other areas in Orange Park where step-down zoning was used. He stated that denial of the application "would tend to be arbitrary." On cross-examination, Mr. Quigley admitted there would be *420 a negative impact on the surrounding properties if the property were rezoned and that the proposal would create a peninsula of multi-family housing in a single family area. He conceded that fencing would provide a buffer, but described step-down zoning as preferable. On questioning by the court, the expert noticed that the zoning pattern at this site was inconsistent with those used elsewhere in Orange Park.
The owners next called Miller Gaskin, a Jacksonville real estate broker. He is not an appraiser, but was accepted by the court as an expert as to developments. He testified that as presently zoned, the parcel could be divided into two lots and that homes built on those lots would not be eligible for VA or FHA financing because of their proximity to the commercial businesses. He described the parcel as ideal for transitional zoning. He also noted that the sale of two lots facing Blake would leave a land-locked portion of the property of indeterminate value. On cross-examination, he conceded that building a road perpendicular to Blake would allow the creation of three lots and allow utilization of the entire property. He admitted he had done no computations on the economics of development and that financing other than VA and FHA was available. On redirect, over objection, Gaskin testified that it would not be economically feasible to develop the property as single family residential.
The Town called its director of general services as its first witness. She testified regarding enforcement of the buffering requirements of a six foot fence and a twenty foot landscaped area between commercial and residential use. The ordinance had been in effect for some time but enforcement was only underway at the time of the trial.
The Town next took the testimony of Frank Osborne. He was accepted as a qualified expert on real estate appraisal. He researched comparable sales in determining a value for the property if sold as single family residential lots and determined the parcel was worth $30,000 to $40,000. He stated that a zoning change to RG-1 would definitely have an adverse effect on the value of adjacent properties and that multi-family housing would create traffic and dust problems since Blake is unpaved. Mr. Osborne testified on cross-examination that if developed as condominiums, the parcel would have a value of $50,000. On examination by the court, Osborne stated that single family zoning should be continued and that denial of the application was not arbitrary. His valuation of the property considered a change of zoning from the current RS-2 to RS-3 which would permit single family residential construction on smaller lots enabling the owners to use three parcels instead of two. On further examination by the court concerning change from RS-2 to RS-3, Mr. Osborne would not opine that a refusal of such request by the Town might not be arbitrary.
The final witness called by the Town was Marvin Hill, an expert planning consultant. He stated that a change to RG-1 would be in conflict with the Town's comprehensive plan. He believes that the current zoning is desirable, and that rezoning to RG-1 would have a detrimental effect on surrounding property and could lead to more properties being rezoned to higher density. He identified other places in Orange Park where CN zoning is next to RS-2. He testified that RS-2 is a reasonable and beneficial use of this property.
The trial court found that the denial of a zoning change was arbitrary, capricious, and not fairly debatable and enjoined enforcement of a zoning more restrictive than RG-1.
The legal standards applicable in this and similar zoning cases are clear. The appellant zoning authority must demonstrate to this court that the trial court erred in finding there was no competent substantial evidence to support its decision to deny application for rezoning. The zoning authority need only show that its decision had some relationship to the health, safety, welfare, and morals of the community. Evidence of a diminution of the value of the property owners' property is irrelevant *421 so long as they are not deprived of all reasonable beneficial uses of their property. We believe the Town has met its burden in this appeal.
The only evidence that supports a finding that appellees were deprived of all beneficial use of their property is the testimony of Mr. Gaskin. Section 90.705(2), Florida Statutes (1983) provides:
Prior to the [expert] witness giving his opinion, a party against whom the opinion or inference is offered may conduct a voir dire examination of the witness directed to the underlying facts or data for his opinion. If the party establishes prima facie evidence that the expert does not have a sufficient basis for his opinion, the opinions and inferences of the expert are inadmissible unless the party offering the testimony establishes the underlying facts or data.
The appellant on cross-examination clearly established that Mr. Gaskin performed no calculations and developed no factual predicate for an opinion that development of the property as single family residential use was economically unfeasible. When, on redirect examination, Mr. Gaskin was asked to give an opinion with respect to economic feasibility, appellant properly objected. It was error for the trial court to overrule that objection and consideration of Mr. Gaskin's opinion in support of economic feasibility was error. Pallace v. Inter City Land Co., 239 Md. 549, 212 A.2d 262 (1965); cf. Sea Fresh Frozen Products, Inc. v. Abdin, 411 So.2d 218 (Fla. 5th DCA), review denied, 419 So.2d 1195 (Fla. 1982). All other evidence on beneficial use of the property support the action of the Town Council.
There is substantial evidence in the record that denial of the zoning change was at least "fairly debatable" and the trial judge improperly substituted his judgment for that of the zoning authority.
The decision of the trial court is REVERSED.
JOANOS and WIGGINTON, JJ., concur.