THOMPSON, Judge.
The City appeals a final judgment of the circuit court enjoining it from enforcing any zoning more restrictive than CG (commercial, general district) on a parcel of property on Normandy Boulevard in Jacksonville. The City argues that the rezoning sought by appellee, and denied by the City Council, was fairly debatable, and that the circuit court improperly substituted its judgment for that of the local zoning authority. We agree and reverse the final judgment.
The property in question consists of approximately 18 acres with a 1300 foot frontage on Normandy Boulevard. The. front portion is currently zoned CN (commercial, neighborhood) and the back portion is zoned OR (open rural). In August 1984 appellee filed an application seeking to have the entire 18 acres rezoned to CG. The application was duly reviewed by the City’s planning department and the Urban Affairs Committee which, after holding a public hearing, recommended denial. The City Council denied the application, and appellee filed suit in the circuit court seeking to enjoin the City from enforcing any zoning more restrictive than CG. After a hearing at which one expert testified for each side, the circuit court granted the injunction.
The order enjoining the City from enforcing its current zoning does not contain any findings that the denial of rezoning was not fairly debatable, or that it denied appellee all beneficial use of the property. Assuming the court accepted the testimony of appellee’s expert witness, the only basis for the granting of the injunction was that the current zoning is not the most appropriate for the property. Such a determination falls far short of a finding that the current zoning deprives appellee of all beneficial use and that the requested rezoning is not fairly debatable. Evidence that the highest and best use of a property would be achieved by rezoning is irrelevant. City of Jacksonville Beach v. Grubbs, 461 So.2d 160 (Fla. 1st DCA), rev. denied 469 So.2d 749 (Fla.1985). Before a circuit court can substitute its judgment for that of a local zoning authority it must find that the question before the authority was not fairly debatable. Nance v. Town of Indialantic, 419 So.2d 1041 (Fla.1982); Town of Orange Park v. Pope, 459 So.2d 418 (Fla. 1st DCA 1984). In the instant case there is no basis in the record or in the court’s findings to support the decision to enjoin the City’s denial of rezoning. The City’s decision should have been upheld under the fairly debatable standard of review.
Accordingly, the judgment is reversed and remanded to the circuit court with instructions to reinstate the order of the City Council denying appellee’s application for rezoning.
JOANOS and BARFIELD, JJ., concur.