SMITH, Chief Judge.
Appellants, James and Alice Starkey and Bobbie Scheffer, seek review of a final judgment upholding the adoption of Ordinance Nos. 85-08 and 85-09 by the Okaloo-sa County Board of Commissioners (Oka-loosa County). We affirm.
This case involves the zoning classification of two parcels of property located in Bayview Subdivision adjacent to Fort Walton Beach, Okaloosa County, Florida. James and Alice Starkey own the first parcel consisting of Lots 1-5, the easterly ten feet of Lots 6-7, Lots 8-11, and that portion of the vacated alley touching on the above lots, all being located and situated in Block 12, according to a plat recorded in the public records of Okaloosa County in Plat Book 1, Page 26. Bobbie Scheffer owns the second parcel consisting of Lots 11-14 of Block 11.
In its original zoning ordinance enacted on March 7, 1974, Okaloosa County zoned the Starkey property as residential urban apartment (RUA) and the Scheffer property as business general (BG).
On August 1, 1974, Okaloosa County rezoned the Starkey property from RUA to residential urban single (RUS). Subsequently, Starkey filed a lawsuit which resulted in a final judgment entered in 1975 setting aside the RUS classification on the ground that Okaloosa County had acted in an arbitrary manner when it rezoned the property. According to John R. Dowd, attorney for Okaloosa County, the court’s conclusion was predicated on the fact that there had been no change in conditions during the intervening four-month period between enactment of the original ordinance, presumed to be valid, and the amendment thereto. He also stated that the judgment was predicated on a procedural error relating to initiation of the amendatory process. Although Okaloosa County appealed the judgment, the court dismissed the appeal for reasons unrelated to the merits of the case.
A new zoning map, adopted about nine years later, reflected that the parcels owned by Starkey and Scheffer were zoned RUS, not RUA and BG respectively. The landowners requested that the map be corrected, to no avail. Starkey and Scheffer then filed a lawsuit which resulted in a final judgment directing Okaloosa County to correct its zoning map on the ground that there had been no rezoning ordinance enacted with respect to these two parcels. Okaloosa County appealed the judgment which was per curiam affirmed on November 18, 1985.
On January 22, 1985, while the second lawsuit was pending before the appellate court, Okaloosa County enacted Ordinance Nos. 85-08 and 85-09, which contained in relevant part the following language with respect to the Starkey and Scheffer parcels:
The Official Zoning Map of Okaloosa County is hereby amended or affirmed to zone that certain parcel of property in Okaloosa County RUS ...
Starkey and Scheffer then filed a lawsuit in circuit court requesting that the rezoning be set aside. The complaint alleged that the zoning ordinances were invalid because there was no showing that the prior zoning classifications (RUA and BG respectively) were adverse to the public health, *1042 safety, or morals and that there was no showing of a substantial change affecting the two parcels or the surrounding real property since enactment of the original zoning ordinance in 1974. The complaint also alleged that the rezoning ordinances were enacted in an arbitrary and capricious manner and because certain commissioners always felt that the property should be zoned RUS.
A trial de novo was held pursuant to section 163.250, Florida Statutes (1983), at which the entire record of the legislative proceedings regarding this matter was admitted into evidence. At the hearing before the trial court, three witnesses testified: James Starkey, Arthur Cruickshank, property owner in Bayview Subdivision, and Larry Anchors, Okaloosa County Commissioner.
James Starkey testified that he had no specific plans to develop the property as RUA, but that in his opinion this zoning classification would have no adverse impact on the health, safety, or morals of the community.
Arthur Cruickshank, representative of property owners in Bayview Subdivision opposing the RUA zoning classification, stated that the subdivision had always consisted of single family dwellings except for two duplexes which were currently owned by Scheffer and that an adjacent subdivision was likewise zoned for single family residences. He also stated that since 1974, nineteen single family dwellings had been built near these two parcels. It was his opinion that to permit the construction of multifamily dwellings and business establishments in the subdivision would destroy the integrity of the single family residential neighborhood and diminish the economic value of the property.
Larry Anchors testified that he voted for the zoning changes to maintain the integrity of the neighborhood and to make the land use consistent.
In addition to considering the evidence admitted at the hearing, the trial judge personally viewed the two parcels.
In its final judgment, the trial court, in upholding the two rezoning ordinances, found that the area in question, consisting almost exclusively of low density single family residences, had substantially changed since 1974, in that all subsequent construction in the area consisted of single family dwellings. The trial court also found that the ordinances were properly enacted and that they promoted the integrity of the neighborhood, preserved its residential character, protected economic value of existing uses, and avoided the problems associated with increased traffic.
Appellants raise four issues on appeal. First, they contend that Okaloosa County was barred by the doctrine of election of remedies from simultaneously seeking judicial and legislative relief, citing Klondike v. Blair, 211 So.2d 41 (Fla. 4th DCA 1968), and Rhyne v. City of Wilton Manors, 392 So.2d 992 (Fla. 4th DCA 1981). We disagree, for this doctrine applies only to remedies available in a judicial proceeding and does not bar simultaneous legislative action.
Second, appellants argue that there is no evidence to support the trial court’s finding that the ordinances were not adopted capriciously in order to defeat or gain an advantage in pending litigation, citing Dade County v. Williams, 278 So.2d 634 (Fla. 3rd DCA 1973). We disagree, for regardless of the outcome of the judicial proceeding, it was Okaloosa County’s legislative prerogative to rezone the parcels, provided it met the test for enacting a zoning amendment. Williams is distinguishable. After denying the landowner’s request to subdivide her property on the ground that the proposed lot sizes were incompatible with other lots in the neighborhood, the county therein, during pend-ency of the subsequent lawsuit, changed the zoning classification of the property from single family residential to three-quarter acre estates. These facts revealed that the zoning change was effected capriciously in order to defeat pending litigation. However, in the present case, the record reveals that since 1974, Okaloosa County has attempted to make the zoning in the Bayview Subdivision consistent *1043 throughout, and for reasons not entirely clear from the record, its goal has been thwarted at various times.
Third, appellants contend that Oka-loosa County failed to follow the proper procedure for enacting the two ordinances. Again, we disagree. As a result of the Starkey/Scheffer litigation, the commissioners voted to hold public hearings to review zoning in Bayview Subdivision. Pursuant to the county attorney’s instructions, a notice of public hearing to consider adoption of an ordinance zoning or rezoning to RUS or RUA or BG these two parcels was advertised in the local newspaper. The commissioners requested the Planning and Zoning Commission to make a recommendation as to the proper zoning for these two parcels. The Planning and Zoning Commission held a public hearing at which appellants, or their counsel, were present and addressed the Commission. The Commission voted not to make any recommendation because of the recent litigation and the county’s intention to appeal the final judgment. The Okaloosa Board of County Commissioners held a public hearing which was duly advertised to consider the zoning classification of these two parcels. Appellants, or their counsel, were present and addressed the Board. By majority vote, the commissioners determined that the zoning classification of these two parcels was RUS. Two ordinances were subsequently enacted which stated that the official zoning map was amended or affirmed to reflect RUS zoning with respect to these two parcels.
The minutes of the Board of County Commissioners reflected that the purpose of the public hearings was to make certain that everyone understood that the zoning in Bayview Subdivision was RUS, and the notice of public hearing indicated that the zoning classification of these two parcels was to be reviewed. The minutes also indicated that the commissioners voted that these two parcels “are” zoned RUS, and the two ordinances stated that the official zoning map was “amended or affirmed” to zone these parcels RUS.
The county attorney was responsible for drafting the notice of hearing and the ordinances. From the record, it is clear that Okaloosa County desired that all the property in Bayview Subdivision be zoned RUS, and the county attorney took the necessary action to implement the board’s directives as he interpreted them in a legal context. Based on the foregoing facts, we find that Okaloosa County acted within the procedural requirements for enacting the ordinances.
Fourth, appellants argue that the rezoning was arbitrary, capricious and unnecessary to promote the public health, safety, and welfare. We disagree.
The test for reviewing the validity of a zoning amendment is whether the restriction placed on the use of land is reasonably related to the public health, safety, welfare, or morals. If the reasonableness of the zoning change is fairly debatable, the courts will sustain it. Oka v. Cole, 145 So.2d 233 (Fla.1962); City of Jacksonville v. Culverhouse, 498 So.2d 618 (Fla. 1st DCA 1986).
As a general proposition, a change in conditions in an area is not a prerequisite for rezoning. Oka v. Cole, supra; Trachsel v. City of Tamarac, 311 So.2d 137 (Fla. 4th DCA 1975). However, when the zoning classification of a parcel has been judicially sanctioned, the courts are bound by the doctrine of res judicata to uphold such classification until a change in conditions warrants a different result. City of Miami Beach v. Prevatt, 97 So.2d 473 (Fla.1957); Aronovitz v. Metropolitan Dade County, 290 So.2d 536 (Fla. 3rd DCA 1974), cert. den. 297 So.2d 837 (Fla.1974); City of Coral Gables v. Wepman, 418 So.2d 339 (Fla. 1st DCA 1982); Coral Reef Nurseries, Inc. v. Babcock Co., 410 So.2d 648 (Fla. 3rd DCA 1982). In the present case, the 1975 judgment invalidated the county’s attempted rezoning of the Starkey parcel from RUA to RUS.[1] By his own *1044 testimony, counsel for Okaloosa County admitted that the merits of the zoning classification were addressed by the court. Therefore, the parties are bound by that judgment until there has been a change in the condition of the area.
In the final judgment being reviewed, the trial court concluded that there had been a substantial change in conditions, in that all construction in the area since 1974 consisted of single family dwellings. The record reflects that since the enactment of the original zoning ordinance, nineteen single family residences have been built in Bay-view Subdivision near the two parcels in dispute. Prior to 1974, numerous single family dwellings had been constructed in Bayview Subdivision. After enactment of the zoning ordinance, the same type of dwellings continued to be erected. There was no change in the type of use of surrounding properties authorized by the original zoning ordinance, but there clearly was a change in the degree to which landowners took advantage of the zoning classification of their property and thus a substantial change in the actual use being made of these properties. This in turn more firmly established the residential character of the entire subdivision. We hold that the evidence as to development of surrounding properties in the interim since the prior court decision was sufficient to overcome the res judicata effect of the prior judgment.
There is competent substantial evidence in the record to support the trial court’s conclusion that the rezoning of both parcels would promote the integrity of the neighborhood, preserve its residential character, protect the economic value of existing uses, and generally avoid the problems associated with increased population and traffic. Appellants have thus failed to demonstrate that the decision of the zoning authority has no relationship to the health, safety, welfare and morals of the community. Town of Orange Park v. Pope, 459 So.2d 418 (Fla. 1st DCA 1984); S.A. Healy Co. v. Town of Highland Beach, 355 So.2d 813 (Fla. 3rd DCA 1978).
AFFIRMED.
JOANOS, J., concurs.
BARFIELD, J., dissents with opinion.

. With respect to the Scheffer parcel, there has been no prior judicial decision on the merits of the zoning classification.