702 So.2d 1329 (1997)
CITY OF MIAMI BEACH, Florida, Petitioner,
v.
Kent Harrison ROBBINS, Respondent.
No. 96-1609.
District Court of Appeal of Florida, Third District.
December 10, 1997.
John Dellagloria, North Miami, for petitioner.
Apgar & Pelham and Thomas Pelham, Tallahassee, for respondent.
Before NESBITT, COPE and SORONDO, JJ.
PER CURIAM.
After the Miami Beach City Commission passed an ordinance which rezoned landowner Kent Harrison Robbins' property as well as the two blocks adjacent to his property, Robbins petitioned for certiorari review to the circuit court, appellate division, claiming that the Commission's decision constituted reverse spot zoning.[1] The circuit court reviewing the Commission's determination granted the petition and quashed the rezoning ordinance as it pertained to Robbins' property. The City now petitions this court for certiorari review of the circuit court's decision. See Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995); City of Deerfield Beach v. Vaillant, 419 So.2d 624, *1330 626 (Fla.1982). Our review is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law. See Metropolitan Dade County v. Blumenthal, 675 So.2d 598 (Fla. 3d DCA 1995). We deny the petition sought.
Reverse spot zoning occurs when a zoning ordinance prevents a property owner from utilizing his or her property in a certain way, when virtually all of the adjoining neighbors are not subject to such a restriction, creating, in effect, a veritable zoning island or zoning peninsula in a surrounding sea of contrary zoning classification. Reverse spot zoning is invalid, as it is confiscatory. See Tollius v. City of Miami, 96 So.2d 122 (Fla.1957); City Comm'n v. Woodlawn Park Cemetery Co., 553 So.2d 1227 (Fla. 3d DCA 1989); City of Coral Gables v. Wepman, 418 So.2d 339 (Fla. 3d DCA 1982); Olive v. City of Jacksonville, 328 So.2d 854 (Fla. 1st DCA 1976); City of Miami v. Schutte, 262 So.2d 14 (Fla. 3d DCA 1972). See also 7 Fla. Jur.2d Building, Zoning & Land Controls § 161(1997).
The circuit court, reviewing the Commission's decision rezoning the blocks at issue, concluded that the surrounding property was "a vast sea of RM-2 and other types of zoning." Therefore, it reasoned, singling out the three blocks in question as the ordinance under review had done, created a "veritable island of RM-1 zoning". The City points to proposed amendments to the comprehensive plan[2] as well as a study by local architectural experts, as providing support for its decision to downzone the property at issue. However, as Robbins demonstrated, at the time the Commission acted, the State had not yet approved the proposed amendments to the comprehensive plan[3], and the City had not yet acted on the proposed architectural study. Thus, we agree with the circuit court's analysis that at the time the Commission enacted the ordinance at issue, there was not substantial competent evidence to demonstrate why this property was being treated differently from all its similarly situated neighbors.
We do note, however, that this decision does not bar further action by the Commission as to this property. As observed in Turkey Creek Inc., v. City of Gainesville, 570 So.2d 1055, 1058 (Fla. 1st DCA 1990):
It is a general rule that a zoning classification which has been judicially approved will be upheld under the doctrine of res judicata "until a change in conditions warrants a different result." Starkey v. Okaloosa County, 512 So.2d 1040, 1043 (Fla. 1st DCA 1987). Accord City of Miami Beach v. Prevatt, 97 So.2d 473 (Fla.1957), cert. denied, 355 U.S. 957, 78 S.Ct. 543, 2 L.Ed.2d 532 (1958). A former judgment sanctioning a zoning classification is regarded as res judicata if there exists in the prior and current actions identity between the parties, or those in privity with them, and identity of the causes of action. *1331 Thomson v. Petherbridge, 472 So.2d 773 (Fla. 1st DCA 1985). Identity of causes of action "means an identity of the facts essential to the maintenance of the action." Prevatt, 97 So.2d at 477. Therefore, a party challenging the validity of a prior judgment may show that the facts essential to the prior judgment have significantly changed so as to defeat a finding of res judicata. As stated by the Supreme Court,

In fast growing [geographical] areas ... changes occur with great rapidity; it cannot, therefore, be said that, even where the same parties are involved, an adjudication of the reasonableness of a zoning ordinance at any given time is necessarily res judicata or constitutes an estoppel by judgment in subsequent litigation between the same or different parties. (Emphasis added.)
In the three years since the Commission's decision, the State has approved the amendments to the comprehensive plan that the City here relies upon, and the City has demonstrated its intention to utilize the architectural study. The City has also rezoned to RM-1 another block adjacent to the blocks involved here. Thus, the City argues, "[R]espondent's property now sits squarely within a 14 block area of RM-1 parcels...." While this evidence cannot be used to support the Commission's decision made three years ago, these changes can be used by the City to show that neither res judicata nor estoppel by judgment should preclude a new effort to rezone the property at issue. As the circuit court correctly observed, "... there is nothing to prevent the City from downzoning this property as part of a comprehensive downzoning from RM-2 to RM-1 as recommended in the ... [architectural] study. But petitioner's property cannot be singled out for this type of downzoning."
Accordingly, the petition sought is denied.
NOTES
[1] The ordinance under review, Ordinance No. 94-2964, was adopted by the Miami Beach City Commission on December 21, 1994.
[2] On January 6, 1994, the Mayor and City Commission authorized and directed transmittal of the "1994 Amendments to the City of Miami Beach Year 2000 Comprehensive Plan." In response to State comments, the City made additional changes on June 2, 1994. On October 9, 1996 the City adopted remedial amendments determined to be consistent with a compliance agreement reached by the City and the State, and on November 14, 1996 the Florida Department of Community Affairs issued a cumulative notice of intent finding the amendments to the comprehensive plan, as modified by remedial amendments to be "in compliance." On October 30, 1997 an administrative law judge issued a Final Order finding the adopted amendments in compliance and dismissing a challenge by Robbins, who had argued certain amendments had not been "in compliance" as defined in Section 163.3184(1) Florida Statutes (1995).
[3] Section 163.3189 Florida Statutes(1995) provides:

Process for amendment of adopted comprehensive plan.
(1) The procedure for amendment of an adopted comprehensive plan or plan element which has been found to be in compliance shall be solely as prescribed by this section. (2) A local government which has a comprehensive plan that has been found to be in compliance may amend its comprehensive plan as set forth in s. 163.3184, with the following exceptions:
(a) Plan amendments shall not become effective until the state land planning agency issues a final order determining the adopted amendment to be in compliance in accordance with s. 163.3184(9), or until the Administration Commission issues a final order determining the adopted amendment to be in compliance in accordance with s. 163.3184(10).