# Third District Court of Appeal

## State of Florida

Opinion filed March 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1950
Lower Tribunal No. 19-265-AP, Ordinance No.: 2019-18
_____

## Yacht Club by Luxcom, LLC,
Petitioner,

vs.

## Village of Palmetto Bay Council, et al.,
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Appellate Division, Daryl E. Trawick, Lisa S. Walsh, and Maria de Jesus Santovenia, Judges.

Moskowitz, Mandell, Salim & Simowitz, P.A., and Todd A. Armbruster, Michael W. Moskowitz and Scott M. Zaslav (Fort Lauderdale), for petitioner.

Lehtinen Schultz, PLLC, and Dexter Lehtinen and Claudio Riedi, for respondents.


Before HENDON, GORDO and BOKOR, JJ.

BOKOR, J.

Petitioner Yacht Club by Luxcom, LLC, seeks second-tier certiorari review of the circuit court appellate division's order denying the petition for certiorari brought against the Village of Palmetto Bay Council and the Village of Palmetto Bay. The underlying petition alleges a departure from the essential requirements of law and a violation of due process based on the Village Council's approval of Ordinance No. 2019-18, which amended the zoning designation of the property at issue. Because the circuit court afforded procedural due process and applied the correct law, we deny the petition.

Petitioner argues that the circuit court departed from the essential requirements of the law by failing to apply the correct legal standard in determining that the challenged zoning ordinance does not constitute impermissible reverse spot zoning.[1] Petitioner also argues that we should give no deference to the circuit court because of the important interests being adjudicated pertaining to property rights. While we do not discount the import of the issues raised, this proposed standard of review fails to

---

[1] "Reverse spot zoning occurs when a zoning ordinance prevents a property owner from utilizing his or her property in a certain way, when virtually all of the adjoining neighbors are not subject to such a restriction, creating in effect, a veritable zoning island or zoning peninsula in a surrounding sea of contrary zoning classification. Reverse spot zoning is invalid, as it is confiscatory." City of Miami Beach v. Robbins, 702 So. 2d 1329, 1330 (Fla. 3d DCA 1997).

2

recognize clear limits in reviewing an issue on second-tier certiorari. Specifically, we do not substitute our judgment for the reviewing court so long as the reviewing court applied the correct legal standard. Notwithstanding the issue raised, "second-tier certiorari should not be used simply to grant a second appeal; rather, it should be reserved for those situations when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 717 (Fla. 2012).

Accordingly, we look to determine whether there has been any such violation of the applicable legal standard. Based on our review, we determine that the circuit court applied the correct legal standard to its review.[2] The circuit court analyzed the zoning decision on a substantial competent evidence standard. Next, in applying such a standard, the circuit court found substantial competent evidence to support the zoning determination of the Village Council. For example, the circuit court noted that "[t]he record shows that Luxcom's own undeveloped 10 acres located immediately west of the Property had the same E-1 zoning designation as the Property at issue." The fact that there is competing evidence in the

---

[2] Respondents argue that the petition is moot due to subsequent legal action by petitioner. We decline to address that argument as we dispose of the petition on the grounds discussed herein.

3

record, a point acknowledged by the circuit court, does not change our analysis under a substantial competent evidence standard.

Petitioner argues that the circuit court violated clearly established law as provided by this Court in Palmer Trinity Private School, Inc. v. Village of Palmetto Bay, 31 So. 3d 260 (Fla. 3d DCA 2010). In Palmer Trinity, this Court explained that the Village's actions constituted impermissible spot zoning, and the circuit court departed from the essential requirements of the law, where **"[t]he record establishe[d]** that Palmer Trinity [was] not afforded the same beneficial use and restrictions for Parcel B that [were] enjoyed by the owners of the surrounding properties." Id. at 262 (emphasis added). In Palmer Trinity, the pertinent analysis examined whether the Village's refusal to grant the zoning change was appropriate since it resulted in Palmer Trinity being treated differently from its neighbors. Id. at 262-63. This court found "no record justification for [the Village's] refusal to rezone the property to a classification consistent with the properties surrounding [it]" thereby rendering the underlying decision of the Village Council "[a]s a matter of law…arbitrary, discriminatory, [and] unreasonable." Id. at 263. Unlike Palmer Trinity, nothing in the record shows that the Village sought to treat the Petitioner differently because of the proposed use of the property. Instead, as explained above and in detail in the circuit court opinion, the

4

circuit court held, based on record evidence, that the determination of the proper zoning designation was at least "fairly debatable," that there was no disparate treatment, and that substantial competent evidence supported the zoning determination made by the Village Council. [3]

Petition denied.

---

[3] Petitioner encourages the use of a strict scrutiny standard. Any reader familiar with constitutional law and litigation immediately recognizes the high hurdle strict scrutiny imposes on a government actor. Here in the zoning context, "strict scrutiny" means that a reviewing court examines the decision to ensure that the governmental entity followed the law and where necessary found competent substantial evidence to support its decision. "[Strict scrutiny] as used in the review of land use decisions must be distinguished from the type of strict scrutiny review afforded in some constitutional cases." Bd. of County Comm'rs v. Snyder, 627 So. 2d 469, 475 (Fla. 1993) (examining strict scrutiny as a term of art warranting significantly different standards of review in the different contexts). This strict scrutiny in context of reviewing a zoning decision doesn't mean that a decision fails where there are other possible outcomes, which may be the result under a constitutional analysis applying strict scrutiny. Rather, it means a zoning decision will fail if it does not follow the law, if parties are impermissibly treated differently such as in Palmer Trinity, or the factual findings are not supported by competent substantial evidence. See Alvey v. City of North Miami Beach, 306 So. 2d 67, 73-74 (Fla. 3d DCA 2016) (finding a departure from the essential requirements of law where there was no evidence and no requisite findings by the city on an issue required by law to be considered).

The factual underpinnings of a zoning decision are reviewed under the substantial competent evidence standard. A zoning decision will survive where the findings made by the zoning authority are "fairly debatable" based on the evidence presented, requiring reversal only where "arbitrary, discriminatory, or unreasonable." Snyder, 627 So. 2d at 476. The circuit court correctly noted that there was competent evidence to support the "fairly debatable" conclusions of the Village Council here.